## LEATHER MANUFACTURERS' BANK *v.* MERCHANTS' BANK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 10.   Argued December 2, 5, 1887. — Decided October 22, 1888.

If a bank, upon which a check is drawn payable to a particular person or order, pays the amount of the check to one presenting it with a forged indorsement of the payee's name, both parties supposing the indorsement to be genuine, a right of action to recover back the money accrues at the date of the payment, and the statute of limitations begins to run from that date.

THE original action was brought December 7, 1877, by the Merchants' National Bank of the city of New York against the Leather Manufacturers' National Bank to recover back the sum of $17,500 paid on March 10, 1870, to the defendant, the holder of a check drawn upon the plaintiff for that amount, with interest from June 20, 1877.   The defendant, among other defences, pleaded the statute of limitations, and also that the plaintiff never demanded repayment or tendered the check to the defendant until long since the commencement of this

action. At the trial before a jury the following facts were proved or admitted:

On March 9, 1870, the Bank of British North America, having a larger amount on deposit with the Merchants' Bank, drew upon that bank a check for $17,500, payable to Margaret G. Halpine or order, and delivered it to Thomson & Ramsay; and this check, with the names of Mrs. Halpine and of William C. Barrett indorsed thereon, came to the hands of Howes & Macy, private bankers, who deposited it with the Leather Manufacturers' Bank. On March 10, 1870, the Merchants' Bank paid the amount of the check to the Leather Manufacturers' Bank through the clearing-house, and charged the amount on its own books to the Bank of British North America. By the usual course of dealing between the Bank of British North America and the Merchants' Bank, the pass-book containing entries of the deposits made by the one, and of the payments made by the other on account thereof, was written up and returned to the Bank of British North America fortnightly, together with the checks and other vouchers for such payments; and on March 17, 1870, the pass-book, containing the charge of the payment of the check in question, was so balanced and returned with the check. The account between the Bank of British North America and the Merchants' Bank continued to exist until February 21, 1881, the day of the trial of the action brought by the former bank against the latter, mentioned below.

At the time of the payment by the Merchants' Bank to the Leather Manufacturers' Bank, both parties believed Mrs. Halpine's indorsement to be genuine, whereas in fact it had been forged by Barrett, the second indorser, who afterwards absconded. Howes & Macy failed in 1873.

The Bank of British North America, on or about January 24, 1877, first learned that Mrs. Halpine contended that her indorsement was forged; and on January 26, 1877, notified that fact to the Merchants' Bank; and on June 2, 1877, demanded of that bank payment of the amount of the check, and left the check with it that it might look into the matter. On the same day, the Merchants' Bank showed the check to the

Leather Manufacturers' Bank, informed it that the Bank of British North America had demanded repayment of the money because the indorsement of Mrs. Halpine's name was a forgery, and made a like demand upon the Leather Manufacturers' Bank, which declined to pay. On June 20, 1877, the Merchants' Bank returned the check to the Bank of British North America, and that bank again demanded of the Merchants' Bank payment of the amount, and tendered it the check, and it refused to pay.

On August 10, 1877, the Bank of British North America gave written notice to the Merchants' Bank that it had been sued for the amount of the check, by reason of the Merchants' Bank having paid the same upon a forged indorsement, and that, in the event of being held liable for the amount, it should hold the Merchants' Bank to its strict legal liability. The action against the Bank of British North America is reported as *Thomson* v. *Bank of British North America*, 82 N. Y. 1.

On November 7, 1877, the Bank of British North America brought an action in a court of the State of New York against the Merchants' Bank for the amount of the check, upon the ground that the payment thereof by the Merchants' Bank had been made upon a forged indorsement of the payee's name, and that the amount had been demanded of the Merchants' Bank by the Bank of British North America on June 20, 1877, and refused, and still remained to its credit. In that action, the Merchants' Bank pleaded that the indorsement was genuine, and that the cause of action was barred by the statute of limitations; and, before that case came to trial, gave written notice of its having been so sued to the Leather Manufacturers' Bank, in order that it might defend the suit or protect its rights as it might deem proper, and that the judgment, if adverse, might be conclusive upon it. On March 7, 1881, the Bank of British North America recovered judgment against the Merchants' Bank, which was affirmed by the Court of Appeals. 91 N. Y. 106.

The Merchants' Bank, on January 25, 1883, paid the amount of that judgment, and received the check from the Bank of

British North America, and on March 15, 1883, gave notice to the Leather Manufacturers' Bank of having so paid, and tendered the check to it, and demanded payment of that amount, with interest from June 20, 1877, which was refused.

In the present action, the defendant, at the close of the whole evidence, asked the court to instruct the jury to return a verdict for the defendant, upon the grounds " that the cause of action, if complete, did not accrue within six years before the commencement of this action ;" and " that the cause of action, if a demand and tender were necessary, had not accrued when the suit was commenced." The court declined so to instruct the jury, directed a verdict for the plaintiff for the amount of the check, with interest from June 20, 1877, and gave judgment thereon. The defendant sued out this writ of error.

*Mr. John E. Parsons*, for plaintiff in error, cited *Leonard* v. *Pitney*, 5 Wend. 30; *Allen* v. *Mille*, 17 Wend. 202; *Foot* v. *Farrington*, 41 N. Y. 164; *Miller* v. *Wood*, 41 Hun, 600; *Central National Bank* v. *North River Bank*, 44 Hun, 114; *Troup* v. *Smith*, 20 Johns. 33; *United States Bank* v. *Daniel*, 12 Pet. 32; *Bree* v. *Holbeck*, 2 Doug. 654; *Howell* v. *Young*, 5 B. & C. 259; *Graves* v. *American Exchange Bank*, 17 N. Y. 205; *White* v. *Continental Bank*, 64 N. Y. 316; *Espy* v. *Bank of Cincinnati*, 18 Wall. 604; *Boston and Albany Railroad* v. *Richardson*, 135 Mass. 473; *Davie* v. *Briggs*, 97 U. S. 628; *Barrett* v. *Holmes*, 102 U. S. 651; *Henderson* v. *Griffin*, 5 Pet. 151; *Argall* v. *Bryant*, 1 Sandf. (N. Y.) 98; *Bordwell* v. *Collie*, 45 N. Y. 494; *Wilcox* v. *Plumber*, 4 Pet. 172; *Case* v. *Hall*, 24 Wend. 102; *S. C.* 35 Am. Dec. 605; *Sweetman* v. *Bunce*, 26 N. Y. 224; *Burt* v. *Dewey*, 40 N. Y. 283; *S. C.* 100 Am. Dec. 482; *McGiffin* v. *Baird*, 62 N. Y. 329; *Converse* v. *Miner*, 21 Hun, 367; *Randon* v. *Toby*, 11 How. 493; *Southwick* v. *First National Bank*, 84 N. Y. 420; *Spoley* v. *Halsey*, 72 N. Y. 578; *Stephens* v. *Board of Education*, 3 Hun, 712; *Abbott* v. *Draper*, 4 Denio, 51; *Grymes* v. *Sanders*, 93 U. S. 55.

*Mr. John E. Burrill* for defendant in error.

I. The cause of action in favor of the defendant in error did not accrue until June, 1877, when the Bank of British North America for the first time objected to being charged with the amount of the check. The action was commenced December 7, 1877. The answer admits that that bank did not object to be charged with the check at the time it was made, and it was admitted on the trial that the check was charged 10 March, 1870, and returned to that bank 17 March, 1870, and that the first notification was given to the Merchants' Bank in June, 1877.

The precise point was decided in *Merchants' Bank* v. *First National Bank*, in U. S. Circuit Court (Opinion Waite, C. J.), reported in 3 Fed. Rep. p. 66; in which latter report the syllabus of the case is as follows: " In a suit by the drawee of a bill of exchange against an indorser, where such bill was drawn by the Treasurer of the United States, and the name of the payee forged, the statute of limitations does not begin to run until judgment has been obtained by the United States against the drawee." *United States* v. *Park Bank*, 6 Fed. Rep. 852; *Cowper* v. *Godmond*, 9 Bing. 748; *Churchill* v. *Bertrand*, 2 Gale & Dav. 548, 551; *Ripley* v. *Withee*, 27 Texas, 14.

As was well said in one of the cases, the cause of action arose when the defendant held the money for the use of the plaintiff, and this it did not do when the money was paid, but when it became wrong for the defendant to withhold it, and this was when the mistake was ascertained and communicated to the defendant, and it was called upon to refund.

II. It is clear from the undisputed evidence that the money was paid by the Merchants' Bank to the Leather Manufacturers' Bank under a mistake of fact as to the genuineness of the indorsement of the check by the payee.

The principle is well established by the highest court of the State of New York that an action to recover back money paid under a mistake of fact cannot be maintained until notice of the mistake has been given and a demand for repayment of the money made. *Southwick* v. *First National Bank*, 84 N. Y.

420, 430; *Sharkey* v. *Mansfield*, 90 N. Y. 227, 229; *Stephens* v. *Board*, 3 Hun, 712, 715; *United States* v. *Park Bank*, 6 Fed. Rep. 852; *Freeman* v. *Jeffries*, L. R. 4 Exch. 189; *Marine Bank* v. *City Bank*, 59 N. Y. 67.

It is well settled by the highest courts in New York that where demand is an essential ingredient of the cause of action the action does not accrue and the statute of limitations does not begin to run until the demand made. This was decided in the case between the Merchants' Bank and the Bank of British North America, where the court overruled the defence of the statute, and held that it did not begin to run until after the discovery of the mistake and notice thereof and demand. *Bank* v. *Bank*, 91 N. Y. 108; *Ganley* v. *Bank*, 98 N. Y. 487.

In the latter case the court say: "It is universally true that the statute of limitations does not commence to run upon a cause of action upon contract until it has accrued, and that when a demand is necessary before an action can be commenced the statute does not begin to run until after the demand. . . . In this case the contract was not completely broken until the demand." The same principle was established in *Smiley* v. *Fry*, 100 N. Y. 262.

III. The cases which hold that a transferee of securities is not bound to notify the transferer of a lack of genuineness of the securities or of the title thereto until the lapse of a reasonable time after the discovery of the fact, and that until such discovery he owes no duty to the transferer, have an important bearing on the questions in this case. *United States* v. *Park Bank*, 6 Fed. Rep. 856; *Frank* v. *Lanier*, 91 N. Y. 116 (Opinion Danforth, J.); *Heiser* v. *Hatch*, 86 N. Y. 614; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287.

So also do the cases which held that the Leather Manufacturers' Bank owed no duty to the plaintiff in error to examine and ascertain whether the indorsement was genuine before the check was paid. *Corn Exchange Bank* v. *Nassau Bank*, 91 N. Y. 74; *Crawford* v. *Westside Bank*, 100 N. Y. 50; *White* v. *Bank*, 64 N. Y. 316; *Holt* v. *Ross*, 54 N. Y. 472; *Marine Bank* v. *City Bank*, 59 N. Y. 67.

And the cases which held that negligence in making a pay-

ment is no defence to an action to recover back money paid under a mistake of fact, especially where both parties were equally bound to inquire. *Kingston Bank* v. *Eltinge*, 40 N. Y. 391; *S. C.* 100 Am. Dec. 516; *Mayer* v. *Mayor*, 63 N. Y. 455.

IV. The decision of the Court of Appeals in rendering the judgment in favor of the Bank of British North America against the defendant in error, reported in 91 N. Y. 106, settled the question in controversy here against the plaintiff in error, and notice of the institution of that action having been given to it, the judgment recovered in that action is conclusive as to the right of the Merchants' Bank to recover in this action. *Robbins* v. *Chicago*, 4 Wall. 657; *Chicago* v. *Robbins*, 2 Black, 418; *Heiser* v. *Hatch, ubi supra.*

V. It was not necessary that the Merchants' Bank, to entitle it to maintain the action, should have actually paid the money to the Bank of British North America, because the action is not brought to recover the money paid to that bank, but is brought to recover the money which it paid to the Leather Manufacturers' Bank, and its right to recover this was complete, when it had within a reasonable time after the discovery notified the Leather Manufacturers' Bank of the mistake and demanded repayment of the money. (See cases under first and third points.)

Nor was it necessary, to entitle the plaintiff to maintain the action, that it should have acquired the title to the check by repayment and should have tendered the check before action commenced.

A tender of the check was not necessary as an ingredient of the cause of action (*United States* v. *Park Bank*, 6 Fed. Rep. 852, 855), because the action was not based on the check, nor was the possession of the check necessary to enable the Merchants' Bank to maintain the action, or the Leather Manufacturers' Bank to recover against those to whom it had paid. Notice of the mistake and demand were all which were necessary to constitute the cause of action. The plaintiff in error could have given notice and made demand when notice was given to and demand made upon it. It could also have given notice of the action against it, so as to make the judgment

thereon binding on the parties with whom it dealt. For its failure to discover the forgery at the time it received the check, the Leather Manufacturers' Bank was responsible, and not the defendant in error. (See cases under third point.)

Had the defendant been willing to pay and refused on the ground that the check was not tendered, the case might be different, as in that case the defendant in error could have paid the money and acquired the title to the check; but the refusal was absolute and not put on that ground, and a tender was thereby waived. Defendant could not compel the plaintiff to pay the amount of the check so as to acquire the actual ownership of it for the purpose of going through the useless formality of tendering it to defendant. But if a tender were necessary, then we submit; (1) That the tender made on June 20, 1877, was sufficient. The Merchants' Bank had the possession of the check which had been left with it by the Bank of British North America under an agreement that it was to be returned if the money was not paid, and to be kept if the money was paid, and the Merchants' Bank was fully authorized to tender and to deliver it to the Leather Manufacturers' Bank, and would have delivered it to the latter had it paid the money. (2) The production and tender of the check on the trial, at which time it was the property of the Merchants' Bank, were sufficient. (3) The check was of no value to the Leather Manufacturers' Bank or to Howes & Macy, from whom it took it, and its possession was not necessary to enable the Leather Manufacturers' Bank to maintain an action against it or Barrett, both of whom, on the facts proved by the evidence, were liable without regard to the production of the check. *Canal Bank* v. *Bank of Albany*, 1 Hill, 287.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

The principal question argued is whether this action was barred by the statute of limitations of New York, by which any action upon a contract, obligation or liability, expressed or implied, except a judgment or a sealed instrument, must be

brought within six years after the cause of action accrues. Code of 1855, § 91; Code of 1876, § 382.

The question then is whether, if a bank, upon which a check is drawn payable to a particular person or order, pays the amount of the check to one presenting it with a forged indorsement of the payee's name, both parties supposing the indorsement to be genuine, the right of action of the bank to recover back the money from the person so obtaining it accrues immediately upon the payment of the money, or only after a demand for its repayment.

In order to avoid confusion in dealing with this question, it is important to keep in mind the difference between the liability of a bank to a depositor, and the liability to the bank of a person who has received money from it upon a forged check or order.

It is true that the liability, in either case, is that of debtor, not that of trustee or bailee; but there the resemblance ceases.

The specific money deposited does not remain the money of the depositor, but becomes the property of the bank, to be invested and used as it pleases; its obligation to the depositor is only to pay out an equal amount upon his demand or order; and proof of refusal or neglect to pay upon such demand or order is necessary to sustain an action by the depositor against the bank. The bank cannot discharge its liability to account with the depositor to the extent of the deposit, except by payment to him, or to the holder of a written order from him, usually in the form of a check. If the bank pays out money to the holder of a check upon which the name of the depositor, or of a payee or indorsee, is forged, it is simply no payment as between the bank and the depositor; and the legal state of the account between them, and the legal liability of the bank to him, remain just as if the pretended payment had not been made. *First National Bank* v. *Whitman*, 94 U. S. 343.

But as between the bank and the person obtaining money or. a forged check or order, the case is quite different. The first step in bringing about the payment is the act of the holder of the check, in assuming and representing himself to have a right, which he has not, to receive the money. One

who, by presenting forged paper to a bank, procures the pay- ment of the amount thereof to him, even if he makes no ex- press warranty, in law represents that the paper is genuine; and, if the payment is made in ignorance of the forgery, is liable to an action by the bank to recover back the money which, in equity and good conscience, has never ceased to be its property. It is not a case in which a consideration, which has once existed, fails by subsequent election or other act of either party, or of a third person; but there is never, at any stage of the transaction, any consideration for the payment. *Espy* v. *Bank of Cincinnati*, 18 Wall. 604; *Gurney* v. *Womersley*, 4 El. & Bl. 133; *Cabot Bank* v. *Morton*, 4 Gray, 156; *Aldrich* v. *Butts*, 5 R. I. 218; *White* v. *Continental Bank*, 64 N. Y. 316.

Whenever money is paid upon the representation of the receiver that he has either a certain title in property trans- ferred in consideration of the payment, or a certain authority to receive the money paid, when in fact he has no such title or authority, then, although there be no fraud or intentional misrepresentation on his part, yet there is no consideration for the payment, and the money remains, in equity and good con- science, the property of the payer, and may be recovered back by him, without any previous demand, as money had and re- ceived to his use. His right of action accrues, and the statute of limitations begins to run, immediately upon the payment.

Thus, in the early case of *Bree* v. *Holbech*, 2 Doug. 654, where an administrator received the amount of the mortgage money upon his assignment of a mortgage purporting to be made to the deceased, but in fact a forgery, of which both parties were ignorant, it was held by Lord Mansfield and the Court of King's Bench that the right of action to recover back from the administrator the money so paid was barred by the statute of limitations in six years from the time of the payment.

So, in *Utica Bank* v. *Van Gieson*, 18 Johns. 485, where a promissory note payable at the Bank of Geneva was left by the indorsers with the Utica Bank for collection, and sent by it to the Bank of Geneva for that purpose, and the amount was afterwards paid by the Utica Bank to the indorsers upon

the mistaken supposition that it had been paid to the Bank of Geneva by the maker, when in fact it had not, and it was not pretended that the Utica Bank had been guilty of any negligence, the Supreme Court of New York held that notice of the fact that the note had not been paid by the maker was unnecessary to maintain an action by the Utica Bank to recover back the money from the indorsers ; and Chief Justice Spencer said : " The plaintiffs' ground of action, then, is that the money was paid to the defendants under a mistake of facts. The defendants are not bailees or trustees of the money thus received. It was paid and received, as their money, and not as money to be kept for the plaintiffs. In such a case, it was not necessary to make a demand prior to the suit ; for a request was not essential to the maintenance of the action; nor did the defendants' duty to return the money erroneously paid arise upon request."

In *Bank of United States* v. *Daniel,* the acceptor and indorsers, upon taking up a bill of exchange for ten thousand dollars, which had been duly protested for non-payment, paid ten per cent as damages, under a mistake as to the local law upon the subject. Upon a bill in equity to relieve against the mistake and recover back the money, this court, while holding that such a mistake gave no ground for relief, also held that, if it did, the statute of limitations ran, in equity as well as at law, from the time of the payment, saying : " If the thousand dollars claimed as damages were paid to the bank at the time the bill of exchange was taken up, then the cause of action to recover the money (had it been well founded) accrued at the time the mistaken payment was made, which could have been rectified in equity, or the money recovered back by a suit at law." 12 Pet. 32, 56.

In *Dill* v. *Wareham,* 7 Met. 438, the Supreme Judicial Court of Massachusetts, speaking by Chief Justice Shaw, held that a party receiving money in advance, on a contract which he had no authority to make and afterwards refused to fulfil, was liable to the other party in an action for money had and received, without averment or proof of any previous demand. And in *Sturgis* v. *Preston,* 134 Mass. 372, where land

was sold for a certain sum by the square foot, and the purchaser, relying on the vendor's statement of the number of feet, made payment accordingly, and afterwards discovered that the number had been overstated, but disclaimed all charge of fraud or fraudulent concealment on the part of the vendor, it was held that the right of action to recover back the excess paid accrued immediately, without any previous demand, and was barred by the statute of limitations in six years from the date of the payment. See also *Earle* v. *Bickford*, 6 Allen, 549 ; *Blethen* v. *Lovering*, 58 Maine, 437.

The judgment of the Circuit Court in the present case appears to have been based upon the decision in *Merchants' Bank* v. *First National Bank*, 4 Hughes, 1, which proceeds upon grounds inconsistent with the principles and authorities above stated, and cites no case except the very peculiar one of *Cowper* v. *Godmond*, 9 Bing. 748 ; *S. C.* 3 Moore & Scott, 219 ; in which the right of action to recover back money paid for a grant of an annuity, the memorial of which was defective, was held not to accrue until the grantor elected to avoid it on that ground, the annuity apparently being considered as not absolutely void, but as voidable only at the election of the grantor. See *Churchill* v. *Bertrand*, 3 Q. B. 568.; *S. C.* 2 Gale & Dav. 548.

Although some of the opinions of the Court of Appeals of New York, in the cases cited at the bar, contain *dicta* which, taken by themselves, and without regard to the facts before the court, might seem to support the position of the defendant in error, yet the judgments in those cases, upon full examination, appear to be quite in accord with the views which we have expressed.

The cases of *Thomson* v. *Bank of British North America*, 82 N. Y. 1, and *Bank of British North America* v. *Merchants' Bank*, 91 N. Y. 106, were actions by depositors against their respective bankers, and were therefore held not to be barred until six years after demand.

In *Southwick* v. *First National Bank*, 84 N. Y. 420, the decision was that there was no such mistake as entitled the party paying the money to reclaim it; and in *Sharkey* v. *Mansfield*,

90 N. Y. 227, it was adjudged that money paid by mistake, but received with full knowledge of all the facts, might be recovered back without previous demand; and what was said in either opinion as to the necessity of a demand where both parties act under mistake was *obiter dictum*.

Two other cases in that court were decided together, and on the same day as *Bank of British North America* v. *Merchants' Bank*, above cited.

In one of them, the defendants, who had innocently sold to the plaintiffs a forged note as genuine, and, upon being informed of the forgery and requested to pay back the purchase money, had expressly promised to do so if the plaintiffs should be obliged to pay a third person to whom they had in turn sold the note, were therefore held not to be discharged from their liability to refund by the plaintiffs' having awaited the determination of a suit by that person against themselves, before returning the note to the defendants. *Frank* v. *Lanier*, 91 N. Y. 112.

In the other case, a bank, which had paid a check upon a forged indorsement, supposed by both parties to be genuine, was held entitled to recover back the money, with interest from the time of payment, necessarily implying that the right of action accrued at that time. *Corn Exchange Bank* v. *Nassau Bank*, 91 N. Y. 74.

In the case at bar, as in the case last cited, the plaintiff's right of action did not depend upon any express promise by the defendant after the discovery of the mistake, or upon any demand by the plaintiff upon the defendant, or by the depositor or any other person upon the plaintiff; but it was to recover back the money, as paid without consideration, and had and received by the defendant to the plaintiff's use. That right accrued at the date of the payment, and was barred by the statute of limitations in six years from that date. For this reason, without considering any other ground of defence, the order must be

*Judgment reversed, and case remanded to the Circuit Court, with directions to set aside the verdict and to order a new trial.*

· · MR. JUSTICE BLATCHFORD did not sit in this case, or take any part in the decision.

MR. CHIEF JUSTICE FULLER and MR. JUSTICE LAMAR were not members of the court when this case was argued, and took no part in its decision.