GEORGE S. WINSLOW & another *vs.* EVERETT NATIONAL
BANK.

Suffolk.    November 15, 1897. — June 29, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Check — Forged Indorsement — Assignment — Action — Defence.*

To an action against a bank to recover a sum deposited with it, with a count for
refusing to honor a check for the same amount which has been paid to a holder
under a forged indorsement and payment refused under a true indorsement
made later after the discovery of the forgery, it is no defence that the nominal
plaintiff's debt to the payee has been satisfied, either by the check or by the
subsequent assignment of the cause of action to the payee, who sues in the
name of the depositor, and that the latter has suffered only nominal damages.

CONTRACT, to recover $618.87, deposited by the plaintiffs with
the defendant, with a count for refusing to honor a check for the
same amount.    Trial in the Superior Court, without a jury, be-
fore *Hardy*, J., who found for the plaintiffs; and the defendant
alleged exceptions.    The facts appear in the opinion.

The case was argued at the bar in November, 1897, and after-
wards was submitted on briefs to all the justices.

*S. Lincoln & W. I. Badger*, (*W. M. Noble* with them,) for the
defendant, submitted the case on a brief.

*W. C. Loring*, (*C. R. Clapp* with him,) for the plaintiffs.

HOLMES, J.    This is an action in the name of a depositor in
the defendant bank to recover a sum deposited with it, with a
count for refusing to honor a check for the same amount.    The
check was given by the plaintiffs to the Shepard and Morse Lum-
ber Company, and was abstracted by Fowle and used in the way
explained in the previous case.    *Shepard & Morse Lumber Co.* v.
*Eldridge, ante*, 516.    The defendant paid a holder under an in-
dorsement forged by Fowle, and refused to pay the holder under
a true indorsement made at a later time after the forgery had
been discovered.    This action is brought by the lumber com-
pany in the name of the plaintiffs by virtue of an assignment
from the latter.    The defendant sets up as defences the alleged

negligence of the lumber company in giving Fowle a chance to commit his fraud, and that the nominal plaintiffs' debt to the lumber company has been satisfied, either by the check or by the subsequent assignment, and therefore that the nominal plaintiffs have suffered only nominal damages.

The defence based on the carelessness of the lumber company is disposed of in the last case and it is unnecessary therefore to ask how, if a contract is good as to the contractor or a debt is due to a creditor, it can be invalidated by being assigned.

The other defence is *res inter alios.* The bank becomes the plaintiffs' debtor for the money had and received. Nothing but payment, accord and satisfaction, or a release under seal, is an answer to the plaintiffs' demand. *Leather Manufacturers' Bank* v. *Merchants' Bank,* 128 U. S. 26, 34.

It is no concern of the bank whether the plaintiffs owe the lumber company or not. But, further, the plaintiffs' debt is not paid if the check is not paid, as it has not been, or at most the plaintiffs' liability is only changed to a liability on the check, a change which would be a curious reason for holding the bank exonerated from paying the check.

Whether a depositor whose check has been paid upon a forged indorsement, and returned to and held by him as a voucher in the account between himself and his bank, and who again puts the check in circulation by redelivering it to the payee whose indorsement has been forged, can maintain an action against the bank for refusing to honor the check upon its second presentation without notifying the bank before such second presentation that its payment of the check was unauthorized, and that he has again put the check in circulation, was not raised at the trial, and was not argued in this court, and upon that question we express no opinion.

*Exceptions overruled.*