### MICHIGAN CENT. R. CO. v. I. M. PARTRIDGE LUMBER CO.

(District Court, D. Minnesota, Fourth Division. July 28, 1926.)

Carriers ⚖196—Railroad's cause of action for recovery of excessive refund on freight overcharge accrued on date of refund (Interstate Commerce Act, § 16, par. 3, as amended by Act June 7, 1924 [Comp. St. § 8584]).

Railroad's cause of action for recovery of overpayment on refunding freight overcharge *held* to have accrued on date of such refund, and not on date of delivery of shipment, and action therefor may be maintained under Interstate Commerce Act, § 16, par. 3, as amended by Act June 7, 1924 (Comp. St. § 8584), within three years thereafter, since obligation to repay did not arise out of contract for transportation, but out of implied contract for repayment thereof.

At Law. Action by the Michigan Central Railroad Company against the T. M. Partridge Lumber Company. Judgment for plaintiff.

Briggs, Weyl & Briggs, of St. Paul, Minn., for plaintiff.

17 F.(2d)—42

Stanley B. Houck, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. On April 18, 1922, the defendant shipped a car of cedar poles to itself from St. Boniface, Manitoba, to Pinconning, Mich. The car was reconsigned and delivered to the Detroit Edison Company, at Detroit, Mich., on or about May 16, 1922. The defendant paid to the plaintiff freight charges, demurrage, customs, and reconsigning charges, amounting to $386.50. It should have paid $345.63. It filed its claim for a refund, and by mistake the defendant refunded to it, on March 6, 1923, $101.08, or $60.21 more than it was entitled to. Of this amount, $4.46 was returned on September 8, 1924. The plaintiff now sues for the balance of $55.75. The suit was commenced February 19, 1926.

The question is whether the claim is barred by the limitations contained in paragraph 3 of section 16 of the Interstate Commerce Act, as amended June 7, 1924 (Comp. St. § 8584), which, so far as it is pertinent, reads as follows:

"(a) All actions at law by carriers subject to this Act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after."

"(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after."

The defendant claims that this cause of action, being "in respect of a shipment," accrued in May, 1922, the date of delivery, and more than three years prior to the commencement of the action.

The plaintiff's claim is that the cause of action is not "in respect of a shipment," and did not accrue until the erroneous refund was made in March, 1923, less than three years before the commencement of suit.

At the time of delivery of the shipment, the only cause of action which accrued was one in favor of the defendant against the plaintiff for the difference between what it had paid and the lawful charges. The defendant claimed a larger refund than it was entitled to, and in March, 1923, the plaintiff allowed a refund, which was $60.21 more than it owed the defendant. It was at that time that the defendant first became indebted to the plaintiff for any amount. By the payment of $4.46 in September, 1924, it reduced its indebtedness to the amount now in controversy.

The defendant is trying to convert the erroneous refund into an undercharge, and thus to date the accrual of the cause of action back to the time of delivery of the shipment. It is true that the excessive refund grew out of a misapplication of the tariffs applicable to the shipment, but the obligation of the defendant to repay the excess had nothing to do with the shipment or the payment of the charges. It was due solely to the mistake of the plaintiff, and the obligation to repay did not arise out of the express contract for transportation, but solely out of an implied contract that the defendant would repay to the plaintiff money which belonged to it, and to which the defendant was not entitled. Galveston, H. & S. A. Ry. Co. v. Lykes Bros. (D. C.) 294 F. 968.

In speaking of the right to recover money paid by mistake, the Supreme Court, in Leather Manufacturers' Bank v. Merchants' Bank, 128 U. S. 26, 9 S. Ct. 3, 32 L. Ed. 342, said: "That right accrued at the date of the payment and was barred by the statute of limitations in six years from that date."

The fact that there was uncertainty in the minds of the parties at the time they were endeavoring to make an adjustment of the freight charges would not prevent a recovery by the plaintiff in this action for the overpayment, because it is stipulated that the amount which the plaintiff actually owed to the defendant was $55.75 less than it paid. In other words, the defendant had $55.75 belonging to the plaintiff, which was paid by mistake, and for which no consideration was given. If the situation was reversed, and the defendant had paid less than the lawful freight charges, and then, upon demand of the railroad company, had paid $55.75 more than it was entitled to receive, there would seem to be no reason why it could not recover the excess in the same sort of an action. It would, however, of course, be true that, where an excessive amount was paid in the first instance, the action to recover it would have to be based upon the contract of transportation, and not upon an implied contract to refund money paid through error.

Under all of the circumstances, it would appear that the statute of limitations which applies to this claim would be the statutes of Minnesota (Gen. St. 1923, § 9191) which give six years in which to bring suit. However, even though it should be held that this was an action for the recovery of freight charges, the cause of action here did not ac-

crue until March 6, 1923, which is within the three-year period prescribed by the Transportation Act.