## GUARANTY BOND STATE BANK OF ATHENS v. FRATERNAL BANK & TRUST CO.

### No. 12917.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 16, 1933.

Rehearing Denied Jan. 20, 1934.

Bishop & Holland, of Athens, for appellant.

Mike E. Smith, John O. Ragan, and Ratcliff & Christian, all of Fort Worth, for appellee.

LATTIMORE, Justice.

This is a suit by appellee, a corporation having its banking offices at Fort Worth, to recover upon three checks drawn upon it and payable at Fort Worth, and indorsed by appellant after the payee's indorsement, without knowledge of appellant, had been forged.

The checks were drawn by a colored Masonic order, payable to beneficiaries of deceased members of said order. They were offered to the appellant, a corporation having its banking offices in Henderson county, Tex., at said offices each in this manner: One Garrett, secretary of the local subdivision of said order, appeared at the bank accompanied by a woman whom he declared to appellant to be the person named as payee in the check, and presented the check with the name as of the payee indorsed on the back, and his own indorsement thereunder, and requested the appellant to cash the same. This appellant did and indorsed the check, guaranteeing all prior indorsement, and forward-

ed same to a bank in Dallas, Tex., to be by it presented to appellee at Fort Worth. This was accordingly done, and the appellant accepted and paid said check at Fort Worth. One of these transactions with Garrett was in February, 1928, for $200, one in May, for $200, and one on July 2, 1928, for $475. In the latter part of June, the president of appellee bank, who was also the officer of the Masonic order having in charge the drawing of the checks, "became suspicious" that the February and May transactions (and some others) by Garrett were fraudulent, and sent representatives to investigate at Athens. These investigations convinced him prior to July 6, 1928, that the indorsements of the payees were forgeries. The bank thereupon agreed to pay the sums of said checks to the drawer Masonic order, and in October, 1931, sued appellant in Tarrant county, Tex., alleging the facts above as to the cashing and indorsing of said forged checks. The trial court found the names of the payees of said checks to have been indorsed by Garrett without authority and that the women identified by him to appellant as the payees were not in fact such.

■ The appellant pleaded its privilege. An essential part of the cause of action of appellee was that it paid the checks in Tarrant county, the same then bearing the indorsement of appellant, guaranteeing the validity of the prior signatures. Appellant knew at the time it indorsed the checks, and intended, that same would be presented in Fort Worth, Tarrant county, for payment, with a right of appellee to rely in paying same upon the said indorsement of appellant. A part of the cause of action arose where this suit was filed. Article 1995, subd. 23, R. S.

■ Appellant contends that appellee could not maintain its suit without first reimbursing the Masonic order for whose account the checks were paid. It is not necessary for us to decide this question, interesting, indeed, under Bank of Snyder v. Howell (Tex. Com. App.), 208 S. W. 908, and Leather Manufacturers National Bank v. Merchants Nat. Bank, 128 U. S. 26, 9 S. Ct. 3, 32 L. Ed. 342. In this case the drawer was a depositor in appellee bank. By that debtor and creditor relation the only effect of same as involved in this suit was that appellee would pay to that Masonic order the debt on demand. Hence appellee's undisputed agreement, made to pay to such order the amount of these checks which had been theretofore deducted from the debt of appellee to that depositor, was complete restitution. We can see no good in requiring the appellee to hand the cash to the depositor so that the depositor could hand it back to the appellee for deposit.

Assuming, however, that the bank could maintain this suit without prior restitution to the depositor, then the appellant would have the right to set up in this suit any defense which appellee could establish if sued by the depositor. These defenses were made, and the trial court on disputed issues resolved them against appellant. We have examined the evidence carefully, and are not willing to say that the fact findings of the trial court should not be sustained.

■ The trial court found that, if the appellee had notified appellant of such forgery prior to July 6, 1928, appellant could have appropriated $485 which Garrett had on deposit with appellant, and which could have been applied by appellant to the payment of these checks which bore Garrett's indorsement, and that such failure of appellee was not due diligence. Acting on this finding, the trial court deducted from the total amount of said checks said sum of $485. Appellee complains by cross-assignment of said action. We overruled the cross-assignment.

We have examined all assignments of error, and each is overruled. The judgment is affirmed.

### On Motion for Rehearing.

■ The appellant contends that this suit is barred because not filed until more than two years after the cause of action arose, and complains that we did not write on such assignment.

Appellant indorsed in writing on the checks that it guaranteed the prior indorsements and signed its corporate name thereto. When, in reliance thereon, the drawee paid the checks, this suit was for a debt where the indebtedness is evidenced by a contract in writing. Article 5527, subd. 1, R. S. It is not necessary that the writing contain the words "I promise to pay." The warranty of deed does not, and yet yet the appellate courts have not hesitated to apply that article to the suit. It is said that the four-year statute applies to a suit for a corporation dividend declared in favor of the named claimant and so shown in the minutes. Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246, 247. Likewise, where charges for transportation were shown in a bill of lading, a suit to recover an excess in said charges is governed

by the four-year statute. Houston & T. C. R. Co. v. Southern Architectural Cement Co., 112 Tex. 139, 245 S. W. 644. All that was found to be necessary was that the fact agreement was in the writing. The rules of law which are necessary to translate that agreement into a judgment furnish the "I promise to pay" as certainly as if the appellant had written them on the backs of the checks.

The motion for rehearing is overruled.