## UNITED STATES v. CITY SAV. BANK & TRUST CO. OF ALLIANCE, OHIO.

### No. 6514.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1934.

Frank Wiedemann, of Cleveland, Ohio (Wilfred J. Mahon and William Holsinger, both of Cleveland, Ohio, on the brief), for the United States.

S. L. Geiger, of Alliance, Ohio, for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

■ The trial court dismissed the appellant's petition without prejudice upon the ground that it failed to state a cause of action. The order of dismissal is appealable. Central Transp. Co. v. Pullman's Car Co., 139 U. S. 24, 39, 11 S. Ct. 478, 35 L. Ed. 55. The petition sought judgment for amounts equal to the value of coupon bonds which the gov-

ernment issued to the appellee in exchange for third and fourth Liberty Loan bonds, upon which the indorsement of Emmons, the registered owner, had been forged. It alleged that appellee warranted the signature of Emmons on the bonds to be genuine; that appellant was unaware of the forgery at the time of the exchange; that the coupon bonds were outstanding obligations of appellant; and that it was incumbent upon appellant to purchase bonds of the same loan and denomination in the open market and transfer them to Emmons. The opinion of the court indicates that the order of dismissal was based upon the conclusion that, until the government had reimbursed Emmons for his bonds, it had not sustained a loss which might be made the basis of an action to recover the value of those given to the appellee.

While the petition does not set forth the terms of the bonds in respect to the government's obligation to reimburse Emmons in the event of their theft or presentation for exchange under forged indorsements, it does allege that the government is obligated to issue to him new bonds for his unmatured bonds, and to pay him the interest on the old bonds, at the stipulated rate, from the date of exchange. As to the bonds which have matured, it alleges that the government is obligated under their terms and under the law to pay Emmons the principal with interest from the date of exchange to the dates of maturity. These allegations must be accepted as true, and the question, therefore, is whether the government may recover the value of the bonds given to the appellee before it has paid Emmons for the forged bonds. Leather Manufacturers' Bank v. Merchants' Bank, 128 U. S. 26, 9 S. Ct. 3, 32 L. Ed. 342, supplies the answer. In that case it was held that the cause of action to recover back money paid on a check on which the indorsement was forged accrued at the date of payment and not at a subsequent time when the drawer of the check was reimbursed. Here the cause of action accrued upon the exchange of the bonds. At that time the government became bound under the law to compensate Emmons, and, becoming so bound, suffered a loss for which it may recover. As there is nothing in the petition to indicate that the government did not give the appellee timely notice of the forgery, the contention that it failed to do so cannot be considered.

The judgment is reversed, and the cause remanded for further proceedings.