**FOURTH NAT. BANK IN WICHITA, KAN., v. GAINESVILLE NAT. BANK IN GAINESVILLE et al.**

No. 7861.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1935.

Rehearing Denied Jan. 7, 1936.

Paul T. McMahon and Joseph J. Eckford, both of Dallas, Tex., for appellant.

Murphy & Murphy, of Gainesville, Robt. E. Cofer and John D. Cofer, both of Austin, Tex., and J. P. Dreibelbis, of Dallas, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

In a suit by appellant against the appellees on their respective guaranties of prior indorsements on a certain check drawn on appellant by one of its customers, each side moved for an instructed verdict, and the judge—no one objecting—discharged the jury and later rendered judgment for the defendants. On appeal therefrom, error is assigned to the entering of judgment for appellees instead of for appellant, and to the admission of certain evidence tending to show that the indorsement of the payee on the check was not a forgery, but was made by the person to whom the check was issued.

Appellees say that jury was waived and the case submitted to the judge under 28 U.S.C.A. § 773, and that the question of the sufficiency of the evidence to support the judgment has not been properly saved for review. The record does not show any stipulation to waive a jury either oral or written, but the judgment recites: "Thereupon all parties having moved for an instructed verdict it is the opinion of the Court that the cause should be withdrawn from the jury and the jury discharged from the further consideration of the case, and it is so ordered and the jury discharged." A bill of exceptions, certified to contain all the evidence and the rulings of the court, also recites the motions for instructed verdict, the discharge of the jury and the judgment for defendants to which exception was taken by plaintiff. While no exception was taken to the discharge of the jury so that any irregularity of practice therein is waived, we are of opinion that the question of law whether the evidence authorized a verdict or judgment for defendants or demanded one for plaintiff was made to the district court and is sufficiently presented for review in this court.

The evidence shows without conflict that on October 26, 1926, Monarch Loan

Company, a depositor with appellant Fourth National Bank in Wichita, Kan., drew a check for $8,000 payable to the order of A. J. Allen and mailed it to the drawer's correspondent, J. R. London, in Gainesville, Tex., as a loan to be made to Allen on a mortgage submitted by London. London, who was a customer of the First National Bank of Gainesville, brought to that bank a man whom he introduced as A. J. Allen and who indorsed and deposited the check, giving the bank a depositor's signature card. The $8,000 was subsequently checked out on the same signature, A. J. Allen. First National Bank of Gainesville indorsed the check "Pay to the order of any bank or banker, all prior indorsements guaranteed," and it passed through the other appellee banks who similarly indorsed it, and was finally presented to and paid by the drawee bank and charged to the account of Monarch Loan Company. It later developed that London was sending in fraudulent loan applications and the mortgage signed A. J. Allen was on land belonging to others. Allen has been sought for but has not been found. Monarch Loan Company took the position that the indorsement on the check of A. J. Allen was a forgery and refused to acknowledge the check as rightly paid, and sued Fourth National Bank in Kansas. That bank notified each indorsing bank of the situation and sent the check back to them, but they all declined it and insisted that the indorsement was genuine. Fourth National Bank, by notices, sought to vouch them into the suit in Kansas to defend the Allen indorsement. The Gainesville Bank, refusing to recognize the vouchment, yet under stipulation against any prejudice therefrom did assist in one of two trials and did promise in writing to bear part of the attorney's fees and expenses of the defense. The matter was fought through the Supreme Court of Kansas (Kansas City Title & Trust Co. v. Fourth Nat. Bank in Wichita, 135 Kan. 414, 10 P.(2d) 896, 87 A.L.R. 334), the finding being that A. J. Allen was a fictitious name and that London had signed it to the mortgage and on the check, and judgment was given against the Fourth National Bank. It paid it, and on refusal of reimbursement of the payment and also of the expense of the defense, sued all the indorsing banks therefor on June 21, 1934.

The point most argued here is whether the Kansas judgment that the indorsement of Allen was forged by London is conclusive, or whether it is still open to the guarantors of the indorsement to show that Allen made it, although he was an impostor and a cheat. We find it unnecessary to decide that question because the defense of limitation disposes of the case. Article 5527, Revised Stats. of Texas of 1925, requires actions for debt where the indebtedness is evidenced by or founded upon any contract in writing to be brought within four years after the cause of action shall have accrued. The reference is not to technical debts, but all claims for money liquidated or unliquidated. Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40. By article 5529 four years is the limitation for all actions for which no other limitation is prescribed. The present action was instituted within two years from the time the Fourth National Bank paid the judgment against it, but more than seven years after it honored the check. The question is, When did its cause of action arise? The contract of each defendant is "Prior indorsements guaranteed." We construe this to mean, the validity of prior indorsements is warranted. It is not a contract of indemnity against ultimate loss. The warrantor is bound on demand to pay back the money gotten for the check if any prior indorsement is not valid. He cannot insist that his indorsee wait to see whether any loss will actually occur. There may be dispute, as there was here, about the genuineness of the indorsement, and there may be difficulty in making proof, but that does not postpone the accrual of the right of action for breach of the guaranty. It accrues at the moment that the check is negotiated under a prior invalid indorsement. The Fourth National Bank here elected to try the issue of validity with its customer at home instead of with its guarantors in Texas, thinking to get thereby conclusive evidence, if it should lose, by vouching in the guarantors. But not having sued them, limitation was running in their favor. That they might have sued on the guaranties at once we think established by Leather Manufacturers Bank v. Merchants Bank, 128 U.S. 26, 36, 9 S.Ct. 3, 32 L.Ed. 342, and United States v. National Exchange Bank, 214 U.S. 302, 320, 29 S.Ct. 665, 53 L.Ed. 1006, 16

492

Ann.Cas. 1184. See Philadelphia National Bank v. Fulton Bank (D.C.) 25 F.(2d) 995, where the same express guaranty was involved. To the like effect are State Nat. Bank v. Beacon Trust Co., 267 Mass. 355, 166 N.E. 837, 838; Lehigh Coal & Nav. Co. v. Blakeslee, 189 Pa. 13, 41 A. 992, 69 Am.St.Rep. 788; United States v. City Savings Bank (C.C.A.) 73 F.(2d) 486; Ladd & Tilton Bank v. United States (C.C.A.) 30 F.(2d) 334; United States v. National Bank of Commerce (C.C.A.) 205 F. 433. A suit on the guaranties more than four years later was barred.

We find in the evidence a signed agreement of First National Bank of Gainesville to pay one-half of the costs of defending the Kansas suit, including attorney's fees. The liability on this agreement apparently matured only at the conclusion of the Kansas litigation and is not yet barred. This agreement was not, however, sued upon. It is alluded to in the trial amendment, but only as one of several circumstances brought forward to show an estoppel to claim that the main cause of action arose before the termination of the Kansas litigation. No estoppel exists. The guarantors at no time waived anything, but stood stoutly to the proposition that there was no forgery, and that they could not be vouched out of Texas into Kansas. Since we find the agreement about costs and expenses not to be sued on here, and there is no assignment of error touching it and no discussion of it in the brief of either party, we can make no reversal upon it, but the liability under it will stand unprejudiced. The judgment touching the guaranties is affirmed.