UNITED STATES of America,
Plaintiff,

v.

FIDELITY–BALTIMORE NATIONAL BANK & TRUST COMPANY, a National Banking Association, Successor in Interest to the Baltimore National Bank of Baltimore, Maryland, a National Banking Association, Defendant and Third Party Plaintiff,

v.

Provident Savings Bank of Baltimore, Union Trust Company of Maryland, The Equitable Trust Company, First National Bank of Baltimore, Third Party Defendants.

Civ. No. 9328.

United States District Court
D. Maryland.

Oct. 8, 1958.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Robert D. Bartlett, Gordon C. Murray, Bartlett, Poe & Claggett, Baltimore, Md., for defendant & third-party plaintiff.

Bradley T. J. Mettee, Jr., and Norman P. Ramsey, Baltimore, Md., for Provident Savings Bank of Baltimore.

Hilary W. Gans, Baltimore, Md., for Union Trust Co. of Maryland.

1

**2**

Walter R. Tabler, Jr., and France, Rouzer, Mundy & Harris, Baltimore, Md., for The Equitable Trust Co.

William C. Holland, Baltimore, Md., for First Nat. Bank of Baltimore, third-party defendants.

THOMSEN, Chief Judge.

The four third-party defendants herein have moved for summary judgment in their favor on the ground that the claims set out in the third-party complaint are barred by the Maryland three year statute of limitations. Ann.Code of Md., 1957 ed., Art. 57, sec. 1.

On December 14, 1956, the United States, as assignee of the State of Maryland, filed this action against defendant Fidelity-Baltimore. The government's complaint alleges that a state agency, acting for the government under Title V of the Servicemen's Readjustment Act of 1944, as amended, 38 U.S.C.A. § 696 et seq., drew checks on an account which the agency maintained with Fidelity-Baltimore and deposited therein funds supplied by the United States. The complaint further alleges that during the years 1946, 1947 and 1948, Fidelity-Baltimore, the drawee bank, improperly accepted 2,437 checks, in the aggregate amount of $48,618, on which the purported endorsements of the payees had been forged. The government claims $48,618, with interest from the date on which the checks were improperly paid by Fidelity-Baltimore and charged against the aforesaid account.

On February 18, 1957, Fidelity-Baltimore filed a third-party complaint against four banks, alleging that each of the checks had been cashed by, deposited in or otherwise negotiated by one of the third-party defendants, which had thereupon endorsed such check and guaranteed the genuineness of the payee's endorsement thereon; that Fidelity-Baltimore had no notice of any infirmity in any of the endorsements, but had relied upon the guarantees of the several third-party defendants; and that Fidelity-Baltimore gave prompt notice to each of the third-party defendants when it learned of the alleged forgeries. Fidelity-Baltimore seeks judgments against the several third-party defendants for their respective shares of any judgment the government may recover against Fidelity-Baltimore.

It is agreed that all of the parties knew of the forgeries in 1948, and discussed a possible settlement. Third-party defendants concede that during 1951 they agreed to extend the period of limitations one year; Fidelity-Baltimore does not contend that they agreed to extend it any further. The government delayed filing suit against Fidelity-Baltimore until December, 1956, and Fidelity-Baltimore has therefore pleaded limitations and laches against the government's claim. In its answer Fidelity-Baltimore says: "Now (and in 1955) not only are many of these endorsers out of business, insolvent or deceased, but the statute of limitations has long since run against all endorsers. The result of this delay is that Defendant is without recourse against the persons who are rightfully responsible for Plaintiff's loss." The issue between the government and Fidelity-Baltimore will be submitted for decision after pending discovery proceedings have been completed. Meanwhile, third-party defendants press their motions to be dismissed without further ado.

Art. 57, sec. 1 of the Maryland Code provides:

> "All actions of account, actions of assumpsit, * * * except as hereinafter provided, actions of debt on simple contract, detinue or replevin * * * shall be commenced, sued or issued within three years from the time the cause of action accrued; * * *."

In Fourth National Bank in Wichita, Kansas v. Gainesville National Bank, 5 Cir., 80 F.2d 490, 491, certiorari denied 297 U.S. 720, 56 S.Ct. 598, 80 L.Ed. 1004, an action by a drawee bank against an endorser, the court said:

> "The question is, When did its cause of action arise? The contract of each Defendant is 'Prior indorse-

ments guaranteed.' We construe this to mean, the validity of prior indorsements is warranted. It is not a contract of indemnity against ultimate loss. The warrantor is bound on demand to pay back the money gotten for the check if any prior indorsement is not valid. He cannot insist that his indorsee wait to see whether any loss will actually occur. There may be dispute, as there was here, about the genuineness of the indorsement, and there may be difficulty in making proof, but that does not postpone the accrual of the right of action for breach of the guaranty. It accrues at the moment when the check is negotiated under a prior invalid indorsement. The Fourth National Bank here elected to try the issue of validity with its customer at home instead of with its guarantors in Texas, thinking to get thereby conclusive evidence, if it should lose, by vouching in the guarantors. But not having sued them, limitation was running in their favor. That they might have sued on the guaranties at once we think established by Leather Manufacturers Bank v. Merchants Nat. Bank, 128 U.S. 26, 36, 9 S.Ct. 3, 32 L.Ed. 342, and United States v. National Exchange Bank, 214 U.S. 302, 320, 29 S.Ct. 665, 53 L.Ed. 1006."

Although there is no Maryland decision directly in point, the Fifth Circuit case is in line with general principles announced by the Maryland Court of Appeals and by the Fourth Circuit, and with analogous decisions of this court. Hahn v. Claybrook, 130 Md. 179, 100 A. 83, L.R.A.1917C, 1169; Washington B. & A. Electric R. Co. v. Moss. 130 Md. 198, 204, 205, 100 A. 86; Pickett v. Aglinsky, 4 Cir., 110 F.2d 628, 630; New Amsterdam Cas. Co. v. Baker, D.C.D.Md., 74 F.Supp. 809; Northwest Airlines, Inc., v. Glenn L. Martin Co., D.C.D.Md., 161 F.Supp. 452.

Whatever the decision may ultimately be between the government and Fidelity-Baltimore, the motions for summary judgment filed by third-party defendants should be granted; Rule 56, F.R.Civ.P., 28 U.S.C.A. There is no genuine issue as to any material fact.

Let judgment be entered in favor of the third-party defendants, with costs.