COMMERCIAL STATE BANK, Appellant,

v.

Helen K. ALGEO et al., Appellees.

No. 3503.

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1959.

Rehearing Denied Jan. 29, 1960.

Turner & Seaberry, Eastland, for appellant.

Edward W. Penshorn, John Peace, San Antonio, Gross & Fitts, Mineral Wells, for appellee.

WALTER, Justice.

Helen K. Algeo joined by her husband, John B. Algeo, individually and as next friend for her minor children, and Dorothy J. Creamer joined by her husband, Paul C. Creamer, Jr., individually and as next friend for her minor children, filed suit against Hall Walker, Alton Wesley Walker and Commercial State Bank of Ranger, Texas, a corporation, to recover the title and possession of certain real properties and a money judgment for damages to those properties. They also seek to recover a money judgment against them for wrongful commingling and conversion of trust properties and for an accounting from all defendants.

The bank filed a plea of privilege, seeking to have the case transferred to Eastland County, the county of its residence.

The plaintiffs filed a controverting affidavit seeking to hold venue in Palo Pinto County under Subdivisions 7, 9, 12, 14, 23, and 29a of Article 1995. The court overruled the plea of privilege and the bank has appealed, contending the pleadings and evidence failed to show venue in Palo Pinto County.

This suit was filed by the appellees against Walker as a result of his administration of a trust estate in which Walker was the trustee and the appellees were the beneficiaries. Walker was also a vice president, director and the managing officer of appellant bank. The evidence establishes without dispute that Walker withdrew $6,000 from said trust account and deposited it to his personal account, both accounts being in appellant bank, and then paid his personal note to the bank. The evidence also establishes that on another occasion Walker sold the trust estate's interest in a

ranch in Palo Pinto County for $72,407.50 and deposited it to his trust account in the appellant bank and then withdrew $25,000 from said trust account and deposited it in his individual account in said bank and then, out of the commingled and mixed fund, paid his personal note for $12,000 to the appellant bank. The evidence reveals that from 1944 to 1953 over $150,000 was transferred from the Hall Walker, Trustee, account to Hall Walker's individual account in the appellant bank.

■ If a creditor accepts payment of trust funds from a trustee to be applied on the personal obligation of the trustee, actionable participation by the creditor in the wrongdoing of the debtor is established. See Wichita Royalty Co. v. City National Bank of Wichita Falls, 127 Tex. 158, 89 S.W.2d 394 and authorities therein cited; also see Ferguson v. Haskell National Bank, Tex.Civ.App., 127 S.W.2d 242. "If a man mixes trust funds with his own, the whole will be treated as the trust property, except so far as he may be able to distinguish what is his own." Central National Bank v. Connecticut Mutual Ins. Co., 104 U.S. 54, 67, 26 L.Ed. 693.

■ The evidence establishes conclusively that the appellant bank accepted payments out of trust funds and applied them on Walker's personal obligations to the bank. Walker was an officer, agent and representative of the bank and, as such, the bank had actual knowledge and notice that a breach of trust was being committed by an improper withdrawal of trust funds. Also, the bank participated in the profits, or fruits, of the fraud when it accepted trust funds and applied them to the payment of Walker's personal obligations. Therefore, we hold that a cause of action has been pleaded and proved against the bank, because its manager, Walker, who was also the trustee of said trust account, commingled trust funds with his personal funds, which commingling of funds was known to the bank and the bank accepted money from said commingled funds in discharge of the trustee's personal obligations to the bank.

In the case of Steere v. Stockyards National Bank, 113 Tex. 387, 256 S.W. 586, 591, the court said: "The bank, knowing the deposit contained trust funds, must separate the trust funds in said deposit from the Graves funds therein before it makes an appropriation from the deposit to pay the Graves overdraft. The funds were mixed by Graves. The bank knew they were mixed. Therefore, under a rule as old as the law itself, the entire deposit will be treated as trust funds except so far as the bank might, upon inquiry, be able to distinguish the trust funds in said deposit from those therein belonging to Graves personally."

The evidence establishes that out of Walker's mixed and commingled funds in the appellant bank, he paid two of his personal obligations to the First National Bank of Strawn in Palo Pinto County, Texas. The funds were mixed and commingled because he had withdrawn trust funds and placed them in his personal account. The balance in his personal account at such times was not sufficient to have paid his personal obligations to the Strawn bank without the trust funds. In the case of Guaranty Bond State Bank of Athens v. Fraternal Bank and Trust Company, Tex. Civ.App., 68 S.W.2d 305, a Fort Worth bank had sued an Athens bank located in Henderson County, on its endorsement of three checks drawn on the Fort Worth bank. The checks were paid by the Fort Worth bank and it was later determined they were forgeries. When suit was filed by the Fort Worth bank in Tarrant County, the Athens bank filed a plea of privilege to be sued in Henderson County. In affirming the judgment overruling the plea of privilege, the court held that an essential part of the Fort Worth bank's cause of action was that it paid the checks in Tarrant County. The court further held that the Henderson County bank knew at the time it endorsed the checks that they would be presented to the Fort Worth bank for payment.

"The added phrase, 'or a part thereof,' has the effect, for the purpose of the venue, to divide the cause of action and to permit the trial to be where any portion of the cause has arisen; otherwise the phrase would be without meaning and effect." 11 Tex.Jur. 55.

 "We believe under our statute on venue it is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover." San Jacinto Life Ins. Co. v. Boyd, Tex.Civ.App., 214 S.W. 482, 483.

"Thus the venue in a suit which includes an asserted cause of action for conspiracy to injure the plaintiff in his property rights may be laid in a county in which any act in pursuance of the common design was performed by any one of the conspirators or by any other person at their instigation." 3 Tex.Jur. 148. (10 Yr.Supp.)

We hold the court was warranted in overruling the appellant's plea of privilege under subdivision 23 of Article 1995 because the appellees established that a part of their cause of action against the appellant arose in Palo Pinto County. Also we hold the court was authorized in overruling the appellant's plea of privilege under subdivision 9 of Article 1995.

Judgment affirmed.

### On Motion for Rehearing

 In the eighth paragraph of our original opinion, we said: "The evidence establishes that out of Walker's mixed and commingled funds in the appellant bank, he paid two of his personal obligations to the First National Bank of Strawn in Palo Pinto County, Texas", said statement in our original opinion is changed to read as follows: "The evidence establishes that out of Walker's mixed and commingled funds in the appellant bank, he paid one of his personal obligations to the First National Bank of Strawn in Palo Pinto County, Texas".

The evidence further establishes that out of Walker's mixed and commingled funds in the appellant bank, he made a deposit in the Strawn bank of $2,500 by a check made payable to the Strawn bank and signed by Hall Walker individually with the notation on said check "for deposit".

This correction of our statement of the facts does not affect our prior conclusion that venue is in Palo Pinto County. Appellant's motion for rehearing is therefore overruled.