COLUMBIA CASUALTY COMPANY, Plaintiff, *v.* SAMUEL YANOWE, Defendant.

City Court of New York, Special Term, New York County, March 27, 1936.

*Samuel Saltzman,* for the plaintiff.

*Joseph Kaminer,* for the defendant.

WENDEL, J. This is a motion by plaintiff for summary judgment.

Between December 10, 1927, and December 27, 1927, the defendant, a depositor of the Terminal Trust Company, a New York city bank, deposited to his credit at that bank eleven checks drawn by a

certain corporation, seemingly named after the depositor, to the order of divers payees. These checks when deposited by defendant — who is said to have received them for delivery to the payees, but failed to do so — bore the forged indorsements of the payees. The defendant is charged in the moving papers with knowing, when he deposited the checks, that the indorsements of the payees were forged. The defendant does not deny this. The Terminal Trust Company, relying on the defendant's warranties that the indorsements on the checks were genuine, collected the face amounts thereof from the bank on which they were drawn, credited the defendant's account with the proceeds, and from time to time, but considerably more than six years before the institution of the action at bar, paid over to the defendant these proceeds, aggregating in amount $2,593.44.

On July 2, 1928, the corporate maker of the checks, S. Yanowe & Co., Inc., brought an action in the Supreme Court, New York county, against its bank, the American Exchange Irving Trust Company, to recover the moneys which that bank had paid out on the eleven checks in question, on the ground that the indorsements of the payees were forgeries. On October 20, 1928, an order was made in the Supreme Court action impleading the Terminal Trust Company, in order that its liability to the American Exchange Irving Trust Company might be determined. Thereafter, and on May 24, 1929, in accordance with a determination of the Appellate Division of the Supreme Court, partial summary judgment was entered in favor of the plaintiff in that action, S. Yanowe & Co., Inc., against the American Exchange Irving Trust Company, and in favor of the latter against the Terminal Trust Company, in the sum of $1,993.69, and the action was ordered severed as to the balance in suit. The judgment thus entered represented the face amount of eight checks, together with interest and costs. The action was severed as to the three remaining checks, totaling in amount $806.30.

On June 29, 1929, the plaintiff in the case at bar, the insurer of the Terminal Trust Company — having insured it against liability or loss which the latter might incur through the payment of checks bearing forged indorsements — satisfied, by payment, the aforesaid judgment of $1,993.69.

On April 10, 1931, the plaintiff settled the action then pending with respect to the three remaining checks aggregating $806.30, by paying $700. The good faith and propriety of this settlement is not questioned.

The plaintiff is subrogated, by reason of the two payments aforesaid, to the rights of the Terminal Trust Company, against

the defendant, and has brought the action at bar to recover from the defendant the amount of these payments, with interest from the respective dates of payment.

This action was instituted April 10, 1935, within six years after the first payment of $1,993.69 was made and within four years after the second payment of $700 was made, but more than six years after the defendant had deposited the checks in the Terminal Trust Company, and, as above stated, more than six years after defendant had received the proceeds of these checks from the Terminal Trust Company, and also more than six years after the latter was made an impleaded defendant and by being thus impleaded put upon notice of the fact that the indorsements of the payees, although warranted by the defendant, were not genuine.

The defendant has pleaded the Statute of Limitations as a separate defense to this action. In an affidavit submitted in opposition to this motion the defendant's attorney states: " The sole question to be determined is when the Statute of Limitations began to run."

The court, therefore, accepts as conceded the facts hereinabove stated and will concern itself solely with the question whether this action is barred by the Statute of Limitations.

What is the nature of defendant's liability to the Terminal Trust Company, the bank in which he deposited the eleven checks in question, each bearing his own indorsement, with knowledge that the purported indorsements of the payees were forged on each check? When did that liability accrue?

There is no question that the defendant warranted the genuineness of the indorsements of the respective payees, such warranty being implied in law. (Neg. Inst. Law, § 116.) The plaintiff maintains that the right of the Terminal Trust Company to demand reimbursement from the defendant would not necessarily accrue until the bank suffered actual loss by payment; that the defendant by his indorsements not only warranted the genuineness of the prior indorsements of the payees, but also undertook to indemnify the Terminal Trust Company against loss, inasmuch as the latter credited the defendant's account with the proceeds of the checks, and paid these over to the defendant, on the strength of the defendant's warranty of the genuineness of the prior indorsements.

There is, however, no basis for accepting the viewpoint that there was here a contract of indemnity.

The contracts of indorsement upon which defendant's liability is predicated were, of course, independent collateral contracts, and defendant's breach of his implied warranties that the prior indorsements were genuine occurred at the same time that the warranties were made, for the prior indorsements were not then genuine. At

the latest, the statute commenced to run when the proceeds of the checks bearing the forged indorsements were paid to the defendant by the Terminal Trust Company. (See *United States* v. *National Exchange Bank of Providence*, 214 U. S. 302; *United States* v. *National Bank of Commerce*, 205 Fed. 433.)

In *Blanchard* v. *Blanchard* (201 N. Y. 134, at p. 139) the court approved the reasoning contained in *Woodruff* v. *Moore* (8 Barb. 171). The latter case would, therefore, appear to be still good law, and that case, as an examination of the opinion there written discloses, negatives plaintiff's contention that it has a cause of action for moneys paid to defendant's use. It is also true that the cause of action herein depends not at all upon fraud or misrepresentation of any kind. It is simply an action for breach of implied warranties and is barred by the Statute of Limitations. (See *Gabay* v. *Doane*, 66 App. Div. 507.)

Plaintiff's motion for summary judgment is denied. Order signed.