(June 10, 1938.)

EARL P. COOK, Respondent, v. MARGARET FENN SCHMIDT, Appellant.

PER CURIAM. The court properly held that the payments of $6,000 per year, under the so-called "French" agreement, were not salary under the plaintiff's agreement with defendant.

We think, however, defendant sustained the partial defense of the Statute of Limitations and that this case cannot be distinguished in principle from *Brick* v. *Cohn-Hall-Marx Co* (276 N. Y. 259). The alleged fraud was not extraneous to the contract and did not change the nature of the action from an action on contract, as alleged in the complaint, to an action in tort for fraud. So far as the Statute of Limitations is concerned this action is upon contract and within the six-year statute. (Civ. Prac. Act, § 48, subd. 1.) As the action was not commenced until February 28, 1936, the Statute of Limitations is a bar to plaintiff's recovery for his claimed share of any moneys received by defendant prior to February 28, 1930.

The amount by which the judgment should be reduced by the exclusion of sums received by defendant prior to February 28, 1930, is computed by defendant to be $10,625 including the deduction of $200, with interest admitted by the pleadings to have been paid by defendant on account but not credited in the judgment granted. Defendant is entitled to credit of the thirty per cent paid to French on the license agreement made. The amounts involved with the interest thereon are, however, subject to exact computation and the attorneys should agree upon the figures.

The judgment should be modified accordingly, and as so modified affirmed, without costs.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.; O'Malley, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). I concur in the holding that the payments under the so-called "French" agreement were not salaries under plaintiff's agreement with defendant. I am of opinion, also, that the plaintiff is suing on the contracts and that the six-year statute ordinarily would apply and defeat part, at least, of plaintiff's claim.

Under the circumstances here disclosed, however, the defendant should be equitably estopped because of fraudulent representations from setting up the six-year Statute of Limitations applicable to ordinary contract actions.

I accordingly dissent and vote for affirmance.

Judgment modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.