**HARTFORD ACCIDENT & INDEMNITY CO. et al. v. GAINESVILLE NAT. BANK IN GAINESVILLE, TEX., et al.**

No. 9955.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1941.

Rehearing Denied Jan. 12, 1942.

Joseph J. Eckford and Paul T. McMahon, both of Dallas, Tex., for appellants.

David B. Trammell, of Fort Worth, Tex., and Robt. E. Cofer and John D. Cofer, both of Austin, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

The appellants were the compensated sureties of the Federal Reserve Banks of Dallas, Texas, and Kansas City, Missouri, and sue in this case as assignees of those banks to recover amounts which they had to pay the Fourth National Bank of Wichita, Kansas (hereafter called the Wichita Bank) because of forged indorsements upon certain checks originally cashed by the appellee banks or their predecessors.

These checks are five in number, variously dated from October 21, 1926 to September 19, 1927, drawn in favor of third persons upon the Wichita Bank by one of its depositors, Monarch Loan Company of Wichita. They were all collected through the First National Bank of Gainesville, Texas, predecessor of appellees, which transmitted them through channels, including the two reserve banks. The drawer of these checks recovered a judgment thereon against the Wichita Bank which became final and was paid by it under execution July 15, 1932. It then sued the Federal Reserve Bank of Kansas City as its immediate indorser or warrantor to recover the sum so paid, amounting to $16,504.13. Shortly thereafter, and in October, 1933, the Reserve Bank of Kansas City made an agreement with the Wichita Bank under which said suit was dismissed and a credit for said sums plus an additional $2,000 was placed to the account of the last named bank as a part of its reserve to be kept with the Reserve Bank of Kansas City. The amount so credited was not to be withdrawn pending the outcome of a suit to be filed by the Wichita Bank against the defendants in the present suit, upon their liability as original payers and indorsers of these same checks. The suit was really for the use and benefit of the Reserve Bank of Kansas City, and if successful, the funds so credited to the Wichita Bank were to be used to purchase from it the judgment; and if unsuccessful, the credit was to become unconditional. The Dallas Federal Reserve Bank later made itself a party to this contract between the Reserve Bank of Kansas City and the Wichita Bank on terms satisfactory to the two, and deposited with the Reserve Bank of Kansas City the funds which it was to contribute if recovery could not be had by the Wichita Bank against the Gainesville Bank.

That suit proved unsuccessful and thereafter on or about August 12, 1936, the Reserve Bank of Kansas City removed all restriction from the credit to the reserve account of the Wichita Bank, which had been given back in 1933. The present suit followed and the defendant banks, among other defenses, pleaded res judicata, and prescription or limitations under the Texas statutes. The lower court sustained these pleas and rejected appellant's demands.

Of course, the plaintiffs occupy the same position as their principals or assignors, the two Reserve Banks. It is true that these banks were not made parties by name to the former suit of the Wichita Bank against the appellees (Fourth National Bank in Wichita, Kansas v. Gainesville National Bank in Gainesville, Texas, et al., 5 Cir., 80 F.2d 490, 491), but under the terms of the agreement by which it was filed, they were to provide the counsel, have full control thereof, and pay all expenses. In other words, it was to be prosecuted in the name of the Wichita Bank, to test the liability of the present appellees as endorsers, who in turn were bound last to respond in the chain of indorsements. Both the trial and appellate courts in that case, sustained the pleas of limitations of four years under Articles 5527 and 5529 of the Revised Statutes of Texas. The contention then, as it is now, was that the cause of action did not arise and that limitations did not begin to run until the money had been actually paid by the endorser to the endorsee. In that case, the Wichita Bank filed its suit on June 21st, 1934, which was within two years after it had paid the money to its customer, but more than seven years after it had honored the checks. We found that the question was "when did its cause of action arise?", and in answering it pointed out that the obligation was that "prior indorsements [were] guaranteed", which meant that on demand the endorser would pay back the money which it had gotten if the prior indorsements were not valid. We said: "He cannot insist that his indorsee wait to see whether any loss will actually occur. There may be dispute, as there was here, about the genuineness of the indorsement, and there may be difficulty in making proof, but that does not postpone the accrual of the right of action for breach of the guaranty. It accrues at the moment that the check is negotiated under a prior invalid indorsement." Authorities were cited.

Not only does the same principle apply here, but in reality this is a second suit by the same plaintiffs or their assignees against the same defendants in that case on the same cause of action. The fact that they did not appear by name, but chose to litigate through another makes no difference. They were bound by the judgment in that case. Its effects cannot be escaped by including new or other grounds for relief which they failed to urge in the first suit. Hauke v. Cooper, 5 Cir., 108 F. 922; Sabine Hardwood Company v. West Lumber Company, 5 Cir., 248 F. 123; Houston Oil Company v. Village Mills Company, Tex.Com.App., 241 S.W. 122; Cleveland v. Heidenheimer, Tex.Civ.App., 44 S.W. 551.

The judgment appealed from is affirmed.