MOUNT VERNON TRUST COMPANY, Plaintiff, *v.* FEDERAL RESERVE BANK OF NEW YORK, Defendant.

Supreme Court, Special Term, Westchester County, November 12, 1943.

*Blake & Voorhees* for defendant.

*Toomey, Edwards & Connelly* for plaintiff.

ALDRICH, J. The motion by the defendant to dismiss the complaint upon the ground that the alleged cause of action is barred by the six-year Statute of Limitations is granted and the complaint dismissed accordingly, with costs of the action. The defendant Federal Reserve Bank of New York, in the collection of these checks was acting as an agent for collection [Federal Reserve Board, Regulation J, § 5, subd. (1); Negotiable Instruments Law, § 350-c] and the transaction, coupled with the form of the indorsement, was notice of such fact to the plaintiff, Mount Vernon Trust Company. (*Carson* v. *Federal Reserve Bank,* 254 N. Y. 218; *Anderson* v. *Federal Reserve Bank of Boston,* 69 F. 2d 319, certiorari denied, *sub nom. Dakin* v. *Federal Reserve Bank,* 293 U. S. 562.) By the Regulation of the Federal Reserve Board cited, the defendant Federal Reserve Bank assumed no liability by its indorsement except for its own negligence and its guarantee of prior indorsements. Here, the subject matter of negligence is not involved by the pleading. The plaintiff seeks to recover upon the indorsement of the defendant upon the checks. The liability claimed is consequently of a contractual nature. Section 350-c of the Negotiable Instruments Law provides that an indorsement of the kind pleaded here " shall constitute a guaranty by the indorser to all subsequent holders and to the drawee or payor of the genuineness of and the authority to make prior indorsements and also to save the drawee or payor harmless in the event any prior indorsement appearing thereon is defective or irregular in any respect unless such indorsement is coupled with appropriate words disclaiming such liability as guarantor." While the liability of the defendant bank is limited by the Regulations to " its guaranty of prior indorsements ", that language does not control on the subject of the date when the cause of action accrues. Nor does the regulation prevent the bank, under a State statute, from having responsibility if its indorsement is in such form as to constitute an indemnity agreement. The Regulation does not purport to state what the form of the guarantee of prior indorsements shall be. Such guarantee may arise from the form of the indorsement itself by specific act of the bank or by operation of law. Here, the State statute provides for the legal effect of such an indorsement as is pleaded in this case. The great weight of authority holds that a guarantee of genuineness is

broken immediately upon the transfer of the instrument and that the plaintiff bank was entitled to sue immediately upon the indorsement upon its payment of the checks. (*Leather Manufacturers' Bank* v. *Merchants' Bank,* 128 U. S. 26; *Fourth National Bank* v. *Gainesville National Bank,* 80 F. 2d 490, certiorari denied 297 U. S. 720; *State Nat. Bank* v. *Beacon Trust Co.,* 267 Mass. 355; *Columbia Casualty Co.* v. *Yanowe,* 158 Misc. 749; *Federal Reserve Bank* v. *Atlanta Trust Co.,* 91 F. 2d 283; note, 117 A. L. R. 1164; *Hartford Accident & Indemnity Co.* v. *Gainesville National Bank,* 124 F. 2d 97; 2 Paton's Digest [American Bankers Assn. 1940 ed.] p. 1831.) These authorities are directly applicable to the interpretation of the Negotiable Instruments Law, as amended, so far as the genuineness of prior indorsements is concerned. The contention of the plaintiff that this rule is changed by the language of the statute " also to save the drawee or payor harmless in the event any prior indorsement appearing thereon is defective or irregular in any respect " is not persuasive. The plaintiff says that this language constitutes an indemnity agreement under which the Statute of Limitations would not begin to run until a loss had been sustained, which the plaintiff says, in this case, was when the bank settled with the heirs of the payee. This is not a true interpretation of the real situation. In a legal sense the loss to the plaintiff bank occurred when it was induced to pay the checks upon forged indorsements. It thereby lost the amount which it paid. It could have immediately commenced the action to recover such payment. Its liability to the proper payee of the checks still continued and, from the standpoint of the payee, no payment whatever had been made by the plaintiff bank. In other words, the last-quoted provision of the Negotiable Instruments Law was not designed or intended to extend the Statute of Limitations with respect to forgeries beyond the period of six years which began to run when the checks were paid. It is more reasonable to assume that the Statute intended to define a liability of the indorser as to defective or irregular prior indorsements not actually forgeries, with the interpretation to be applied that it is also simply a guarantee governed by the six-year Statute of Limitations.

Settle order on two days' notice.