Frank Del Vecchio, J.
This is a motion by the third-party defendant to dismiss the- complaint of the third-party plaintiff upon the ground that the alleged cause of action is barred by the six-year Statute of Limitations.
Plaintiff Curtis Fenwick Teepell in a complaint served in 195.4 alleges that.in 1935 he was an infant about eight years of age-; that he.then had on deposit in the Jefferson Bank $3,322.03, representing several deposits made for, his, benefit in an account previously opened and for which a passbook had been issued in his name;, that on January 3, 1935 the Jefferson Bank, wrongfully and negligently paid out $3*321.03 to. the Watertown Bank on an: order presented without the passbook and bearing plaintiff’s forged signature. Plaintiff demands judgment against the Jefferson Bank.for reimbursement, interest, and.damages.
The Jefferson- Bank served a third-party summons and complaint upon the- Watertown Bank demanding judgment for any sum plaintiff may recover, alleging, that on January 3, 1935. it received an, order bearing the signature “ Curtiss Fenwick Teepell ” and directing that.$3*321.03 be paid to the order of the Watertown- National Bank. Under the signature was written ; “ Signature- guaranteed by Watertown National Bank, B. A. Van Dusen*, Cashier ”.
The Jefferson Bank also alleges that it honored the order in reliance upon the above guaranty and asserts that it had no knowledge that plaintiff’s, signature was forged nor notice thereof until 1954 when plaintiff- commenced- his action.
The Watertown Bank asks for dismissal of the third-party complaint upon the ground that the express guaranty of plaintiff’s signature is a warranty of its genuineness and if the Jefferson Bank made payment on a forged, order the guaranty was broken on- January 3, 1935 at which time the loss occurred and the cause of action accrued.
The Jefferson. Bank, on. the. other hand, seeks, to charge the Watertown Bank, with liability by reason of the breach of an alleged, contract, of indemnity which it claims was created by guaranteeing, the- signature of plaintiff upon which- the cause *193 of action does not accrue until discovery of the forgery and payment to its depositor.
This court is unable to accept the theory thus advanced. The loss to the Jefferson Bank occurred when it paid the funds to the Watertown Bank in reliance upon the certification of the depositor’s signature. It might have sued then to recover those funds upon the express contract guaranteeing the genuineness of the plaintiff’s signature. (Columbia Cas. Co. v. Yanowe, 158 Misc. 749.)
The right of action against the Watertown Bank did not depend upon any express or implied promise to indemnify the Jefferson Bank for any loss after discovery of the forgery, and guaranteeing the genuineness of plaintiff’s signature did not make the Watertown Bank an indemnitor.
It is well settled that if a bank upon which a check is drawn payable to a particular person or order pays the amount of the check to one presenting it with a forged indorsement of the payee’s name, a right of action to recover back the money accrues at the date of the payment and the Statute of Limitations begins to run from that date. (Leather Mfrs.’ Bank v. Merchants’ Bank, 128 U. S. 26.)
In Mt. Vernon Trust Co. v. Federal Reserve Bank (182 Misc. 7, affd. 267 App. Div. 882, affd. 293 N. Y. 654) plaintiff made payment to defendant on checks bearing forged indorsements and upon which defendant had stamped: “ Pay any bank, banker or trust co. or order — Prior endorsements guaranteed — [date of defendant’s endorsement] —Federal Reserve Bank of New York.”
The action to recover the amounts paid was commenced more than six years after payment of the checks but within six years of discovery of the forgery, upon the theory that defendant’s indorsement, quoted above, was a contract of indemnity against any loss which plaintiff might sustain as a result of the prior indorsements. In granting defendant’s motion to dismiss the complaint as barred by the Statute of Limitations, the court held that the defendant had merely guaranteed the genuineness of prior indorsements, that the guaranty was broken immediately upon transfer of the instruments, that the plaintiff bank was entitled to sue for breach of the guaranty immediately upon its payment of the checks, and that the six-year Statute of Limitations began to run at that time and not after the forgery was discovered and payment made for a second time. At page 9 the court said: “ In a legal sense the loss to the plaintiff bank occurred when it was induced to pay the checks upon forged indorsements. It thereby lost the amount which it paid. It *194 could have immediately commenced the action to recover such payment. Its liability to the proper payee of the checks still continued and, from the standpoint of the payee, no payment whatever had been made by the plaintiff bank.”
This court is unable to find any distinction between payment on a guaranteed forged indorsement and payment of a check or order on which the guaranteed signature of the maker is a forgery.
The third-party defendant’s motion for dismissal of the third-party complaint is granted, with leave, within 20 days, to serve an amended third-party complaint.
Order accordingly.