Frank Del Vecchio, J.
This is a motion by the third-party defendant to dismiss the amended third-party complaint which purports to set forth three causes of action on the ground that each cause of action is barred by the six-year Statute of Limitations, and to dismiss the second and third causes on the ground that they fail to state facts sufficient to constitute causes of action.
On October 21, 1954 Curtis Fenwick Teepell commenced an action against the Jefferson County Savings Bank to recover the sum of $3,321.03, representing an amount standing in a savings deposit account in Teepell’s name on January 3, 1935. The complaint alleged that on the date last mentioned Jefferson paid out the sum in question, pursuant to an order bearing plaintiff’s forged signature, charging the latter’s account.
On March 31, 1955 Jefferson served a third-party complaint against the Watertown National Bank, alleging that the funds had been paid to the third-party defendant on the strength of an order presented by it, bearing the signature “ Curtis Fen-wick Teepell ’ ’ above the notation ‘ ‘ Signature Guaranteed by Watertown National Bank — R. A. Van Deusen, Cashier.” By the third-party pleading Jefferson demanded judgment over against Watertown for any recovery which plaintiff might obtain against it.
A motion by Watertown to dismiss the third-party complaint was granted by this court, upon the ground that the action — which was based on a contract of guaranty breached at the time of negotiation in 1935 —was barred by the six-year Statute of Limitations. (Teepell v. Jefferson County Sav. Bank, decided July 27, 1955.)
Pursuant to permission of the court, Jefferson has served an amended third-party complaint seeking reimbursement from Watertown for any judgment which it may be required to pay, alleging three causes of action.
The nature of the first alleged cause of action is indicated by paragraph 10 of the amended complaint, wherein it is asserted that Watertown, by affixing to the withdrawal order the words “ Signature Guaranteed by Watertown National Bank — R. A. Van Deusen, Cashier”, became obligated to protect and indemnify the drawee bank against any action commenced against it by its depositor within 20 years thereafter.
It has already been decided however that the language relied upon by Jefferson did not create a contract of indemnity but constituted only a guarantee of genuineness, action on which was barred after January 3, 1941.
*511 With regard to subdivision 7 of section 239 of the Banking Law, urged by Jefferson in support of its first alleged cause of action, that section serves merely to fix the time within which an action for unauthorized payment of funds may be prosecuted by a depositor against a savings bank and would be important here only if Watertown had bound itself to an indemnity agreement. . It has no effect upon the rights of the drawee and the payee under a guarantee of genuineness.
Accordingly, the first alleged cause of action must be dismissed on the ground that it did not accrue within six years prior to the commencement of the third-party action.
The second cause of action pleaded in the amended third-party complaint is based on a right of indemnity arising from alleged active negligence by Watertown in guaranteeing plaintiff’s forged signature, as contrasted with only passive negligence by Jefferson in paying on the unauthorized order.
The propriety of plaintiff’s pleading is not before the court on the present motion; accordingly, it is not necessary to determine whether plaintiff’s complaint, with its allegations of negligence and gross negligence, properly states his cause of action against defendant Jefferson. (See Noah v. Bowery Sav. Bank, 225 N. Y. 284.)
Assuming, however, that plaintiff depositor may maintain an action in negligence against the depository savings bank, the allegations of the complaint preclude any determination that Jefferson was only passively negligent. The allegations of negligence on the part of Jefferson appear in the ninth paragraph of plaintiff’s amended complaint as follows: “ Nints: That the negligence of the said defendant consisted, in part, in its failure to require the bearer of said draft, order or withdrawal slip presenting the same to be properly identified before making payment on same; by failing to detect the forgery of plaintiff’s name to the said drafts, orders, or withdrawal slips; in failing to make a physical comparison of the forged signature with the signature of plaintiff on file in said defendant bank, or in its failing to have said signature; in paying the said order, draft or withdrawal slip, or any amount at any time, to anyone else except the plaintiff; and in not using due care in paying out all or any part of the money in the account of plaintiff, an infant, and in paying out same to anyone except the plaintiff and defendant’s failure to insist on presentation of the said pass book before paying any such order or withdrawal slip.”
The misconduct alleged in the foregoing paragraph is not mere passive negligence by the depository bank, as in unknow *512 ingly permitting the continuance of a dangerous condition created by another, but is active negligence by Jefferson in paying the funds credited to plaintiff’s account without exercising due care in authenticating the signature on the order or in verifying plaintiff’s authorization to pay. Plaintiff’s loss — if such there be — was not occasioned solely by the conduct of the third-party defendant Watertown in guaranteeing the forged signature; it was the direct result of defendant Jefferson’s failure to make proper examination upon presentment before payment on the strength of the forged instrument. The depository bank, standing as debtor of the plaintiff (Mierke v. Jefferson County Sav. Bank, 208 N. Y. 347, 350), had, or should have had independent means available to verify the signature on the order and it could not relieve itself from liability to the plaintiff without exercising reasonable care in making the authentication. The amended complaint alleges that payment was made without presentation of the passbook issued on plaintiff’s account. Such payment, if made, without the exercise of due care in verifying the withdrawal order, would impose responsibility upon the savings bank to plaintiff depositor, quite apart from any carelessness by Watertown in its dealings with Jefferson. (Kummel v. Germania Sav. Bank, 127 N. Y. 488; Noah v. Bowery Sav. Bank, supra.)
Since on the complaint in the primary action a recovery by plaintiff will establish active wrongdoing on the part of Jefferson, the second alleged cause of action in the third-party complaint is insufficient and must be dismissed. (Messaro v. Long Is. R. R. Co., 274 App. Div. 939.)
The third action pleaded by the third-party plaintiff is based on fraud by Watertown in representing to Jefferson that the signature on the forged order of payment was genuine. Paragraph 21 alleges that ‘‘ the first notice this defendant and third-party plaintiff had that said representation was claimed to be false and fraudulent was the service of the summons and complaint herein.” Thus the third cause of action, if legally sufficient, is within the time limited for the commencement of such an action. (Civ. Prac. Act, § 48, subd. 5.)
The amended third-party complaint alleges all the essential elements of an action for fraud — i.e., representation, falsity, scienter, deception and injury. (Ochs v. Woods, 221 N. Y. 335, 338.) It is the argument of the third-party defendant, however, that Jefferson’s claim against it is in contract only and that, under the rule of Brick v. Cohn-Hall-Marx Co. (276 N. Y. 259) the drawee bank may not aviod the limitation on a contract action by asserting a theory of fraud. *513 TMs court is of the opinion that the Brick case and similar holdings, relied on by Watertown, are not applicable to the present case. In each of the cited cases, the alleged wrongful or fraudulent conduct went to the performance of the contract. Under those circumstances, it was held that the plaintiff’s remedy was limited to an action on the contract, it being immaterial to plaintiff’s rights whether defendant’s nonperformance was fraudulent or not. Plaintiff’s action was complete without tortious conduct by the defendant, his right being founded on defendant’s mere failure to perform his contractual obligation. (Cook v. Schmidt, 254 App. Div. 830; Drydock Knitting Mills v. Owens Mach. Corp., 254 App. Div. 568.)
Those cases are to be distinguished from the situation at bar where the alleged fraud was a very incident of the making of the contract. Watertown by its guarantee represented that the signature of the drawer was genuine and, in reliance upon that representation, the third-party plaintiff made payment to Watertown. Until that payment was made, no contract between the banks existed. The guarantee carried with it Watertown’s implied promise to stand behind the instrument and to make payment if the signature were not valid. Jefferson’s payment, on the strength of the representation and promise, created an effective contract and bound Watertown to its promise to pay, the right to enforce which accrued immediately. (Mt. Vernon Trust Co. v. Federal Reserve Bank, 182 Misc. 7, affd. 267 App. Div. 882, affd. 293 N. Y. 654.)
It is well established that a party fraudulently induced to enter a contract may bring an action at law for the damages sustained as a result of the fraud (Goldsmith v. National Container Corp., 287 N. Y. 438, 443) and that such an action may even be joined in a complaint with a cause of action for breach of the same contract. (France & Canada S. S. Corp. v. Berwind — White Coal Min. Co., 229 N. Y. 89.)
It follows that the allegations of the third cause of action in the amended third-party complaint are sufficient at law, and the motion to dismiss the same is denied.
The first alleged cause of action is dismissed upon the ground that it did not accrue within the time limited by law for the commencement of an action thereon; the second alleged cause of action is dismissed upon the ground that the allegations presented do not state facts sufficient to constitute a cause of action. The motions in all other respects are denied.
Order accordingly.