291 F.2d 721
 R. M. SMYTHE & CO., Inc., Plaintiff-Appellant,
v.
CHASE NATIONAL BANK OF CITY OF NEW YORK, as Trustee, etc., and others, Defendants-Appellees.
PEOPLE OF THE STATE OF NEW YORK, Appellee-Appellant,
v.
Eugene H. NICKERSON and Abraham J. Gellinoff as Special Guardians, Appellees.
Barbara R. MANDELBAUM and Federal Republic of Germany, Appellants,
v.
CHASE NATIONAL BANK OF CITY OF NEW YORK as Trustee, etc., Appellees.
 No. 332.
 No. 333.
 Docket 25517.
 Docket 26729.
 United States Court of Appeals Second Circuit.
 Argued May 24, 1961.
 Decided June 20, 1961.
 
 1
 Bernard Cowen, New York City (Robert M. Cowen, New York City, on the brief), for R. M. Smythe & Co., Inc., Barbara R. Mandelbaum, and Federal Republic of Germany, appellants.
 
 
 2
 Julius L. Sackman, Principal Attorney, State of New York, Albany, N. Y. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Paxton Blair, Sol. Gen., Albany, N. Y., on the brief), for People of the State of New York, appellee-appellant.
 
 
 3
 Robert A. Kennedy, of Milbank, Tweed, Hope & Hadley, New York City (William Eldred Jackson, of Milbank, Tweed, Hope & Hadley, New York City, on the brief), for Chase Manhattan Bank, defendant-appellee.
 
 
 4
 Eugene H. Nickerson, New York City, for Eugene H. Nickerson and Abraham J. Gellinoff as Special Guardians, appellees.
 
 
 5
 Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.
 
 
 6
 ANDERSON, District Judge.
 
 
 7
 This action, which was commenced on April 14, 1954, asks for a declaratory judgment to determine what should be done with a fund of $21,649.65, which is the unclaimed balance left over after seven separate distributions made between 1918 and 1925 by the Trustee for bondholders of the Western Pacific Railway Company under a trust agreement dated September 1, 1903, between the Railway and a predecessor of the present Trustee. The State of New York filed a cross-claim. The plaintiffs moved to dismiss the cross-claim and the State of New York moved to dismiss the amended complaint and asked for summary judgment on its cross-claim.
 
 
 8
 This case has been before this court twice before.[1] On the first appeal this court decided that, as jurisdiction rested upon diversity, the distribution of the fund should be governed by New York law, and that the funds were not payable to the bondholders as a class, as the plaintiffs claimed and as the District Court held,[2] but rather to each severally, in proportion to his holding, and that, therefore, the amounts due to the unknown bondholders, for whom the $21,649.65, was being held, should not be divided among the known bondholders.
 
 
 9
 Prior to the first appeal and while the case was pending in the District Court, the State of New York intervened to claim that the fund in question belonged to the State of New York under the New York Abandoned Property Law, because no claim had been presented on behalf of the unknown bondholders for the fifteen years following the seventh distribution by the Trustee on June 30, 1925. The District Court did not pass upon this claim, which it considered moot because it then held the view, reversed on appeal, that the known bondholders were entitled to have distributed to them the fund held for the unknown bondholders. 136 F.Supp. at page 88. In deciding the appeal we said, "Since no motion for summary judgment was made by the State of New York, and since we may not consider the merits of the claim of bona vacantia on the present record, the cross-claim is remanded to the District Court to be disposed of in due course. We express no opinion on whether New York has a claim upon which relief can be granted or whether the District Court has jurisdiction to entertain the claim." 233 F.2d at page 471. We directed that "on remand the trial court should also determine what further efforts should be made to locate the missing bondholders." Ibid.
 
 
 10
 Upon remand of the case, the District Court entered judgment dismissing the plaintiffs' complaint and the claims of the other known bondholders. The case then came before this court for a second time on the appeal from the judgment of dismissal. This court then stated that in its decision on the first appeal it did not intend to preclude the claimants from "proceeding upon some new theory based upon new facts other than those considered in the claim we rejected; nor did we intend to prejudge any application for leave to serve an amended complaint." 242 F.2d at page 149. Thereupon the case was again remanded for the District Court to determine "all issues raised by the pleadings, other than the claim we have already rejected * * *." Ibid.
 
 
 11
 The decision in this second appeal was made on March 12, 1957 and on October 12, 1957 the plaintiffs filed their amended complaint, presently before the court, in which they claim to have alleged "new facts" and the adoption of a "new theory" of procedure. The plaintiffs' claims of "new facts" and "new theory" are based upon two sets of allegations. The first is that, since this court's decision on the first appeal, the discovery has been made that twenty of the bonds are held by the Federal Republic of Germany; and that they were acquired by the German government in 1918. The plaintiffs assert that because Germany became an enemy of the United States Government, its ownership of these bonds became invalid and the portion of the fund allocable to these twenty bonds was, therefore, available for distribution among the known bondholders. The plaintiffs' second basis for their claim is that a substantial number of the beneficiaries of the trust, although fully notified of their right to a share in the distribution, had "disclaimed their interest in some or all of the distribution made by the Trustee and that the amount which otherwise would have been distributed to them should be distributed among the known bondholders."
 
 
 12
 On remand following the second appeal to this court, the District Court, therefore, had before it these questions:
 
 
 13
 1. whether the plaintiffs in their amended complaint alleged "new facts" and a "new theory" of procedure;
 
 
 14
 2. what further efforts should be made to locate missing bondholders;
 
 
 15
 3. whether the District Court had jurisdiction to entertain the claim of the State of New York under its Abandoned Property Law, and if so,
 
 
 16
 4. whether the undisputed material facts brought the case within the terms of the Abandoned Property Law of New York.
 
 
 17
 The trial court decided that the alleged "new facts" and "new theory" were not "new" within the meaning and intention of our decision on the second appeal and were indistinguishable from the claims presented in the original complaint which we dismissed;[3] and we agree. Acquisition of some of the bonds by an alien enemy does not, ipso facto, terminate the obligations of the debtor corporation to recognize the bonds as valid and outstanding. The Trading With the Enemy Act, as amended, 40 Stat. 1020 (No. 4, 1918), 50 U.S.C.A. Appendix, §§ 1-40, makes no provisions for such automatic termination but provides for a seizing and vesting procedure by the Alien Property Custodian. It is undisputed that no such action was taken with regard to these bonds and there is nothing before this court to show that they were not outstanding and valid.
 
 
 18
 The other basis for the claims of new facts and new theory is likewise untenable. Even if certain bondholders expressly or by implication can be held to have renounced their claims, the portion of the fund which otherwise would have been distributed to them would not in any event be distributed among the known bondholders. This was explicitly held in our decision on the first appeal. The nature and extent of the interests of the bondholders, both known and unknown, are not, for the purposes of this case, in any way altered by describing the bondholders as beneficiaries instead of as creditors, as the plaintiffs now urge we should do.
 
 
 19
 As the plaintiffs failed to produce new facts and a tenable new theory, their complaint was properly dismissed.
 
 
 20
 The trial court found that any further efforts to locate missing bondholders would be prejudicial to the interests of any such bondholders who might later emerge, because such further efforts would be costly and wasteful.[4] The direction in our decision on the first appeal that the trial court should determine what further efforts should be made in this direction was included at the instance of the Guardians for the interests of the unknown bondholders. The Guardians do not appeal from the trial court's decision on this point and have expressly stated their agreement with it. The plaintiffs have no standing to challenge it.
 
 
 21
 While the original action was pending in the District Court, the State of New York filed a cross-claim, asserting that the fund in question was, under the New York law, abandoned property, and moved for summary judgment on this cross-claim. After the dismissal of the amended complaint, the question the trial court had to consider was whether it had jurisdiction to entertain the cross-claim standing alone. The jurisdiction over the original complaint was based upon diversity of citizenship and the necessary amount of the claim. The plaintiff was a citizen of the State of Maryland and the defendant Trustee a New York corporation. The corpus of the fund of $21,649.65 has been and is on deposit in the Southern District of New York. However, there is no diversity between the citizenship of the Trustee and the State of New York.
 
 
 22
 The trial court properly concluded that, in the circumstances of this case, the cross-claim was sufficiently related to the main claim so as to be considered ancillary to it and, therefore, an independent jurisdictional basis for the cross-claim was not required. See Coastal Airlines v. Dockery, 8 Cir., 1950, 180 F.2d 874, 877; 3 Moore, Federal Practice ¶ 13.36, at pp. 97-98 (2d ed. 1948).
 
 
 23
 Applying the pertinent provisions of § 300 of Abandoned Property Law of the State of New York, McK.Unconsol.Laws, c. 1[5] to the facts of the case, the trial court concluded that New York State's motion for summary judgment should be granted and that the fund, after allowances for fees and expenses, should be paid over to the Comptroller of the State of New York.[6] The plaintiffs, whose amended complaint was dismissed, have no standing to dispute this disposition of the fund. The Guardians for the unknown bondholders joined in seeking affirmation of the order. The Trustee has not opposed it. While the burden of proof is on the State to show that the property was abandoned within the terms of the statute, the uncontradicted basic materials on which the court's conclusions were based fully support the determination made.
 
 
 24
 In connection with this case, however, there are appeals by Barbara R. Mandelbaum and the Federal Republic of Germany from the denials of their motions to intervene. The appellant Mandelbaum claims to be the owner of one of the bonds for $1000 on which the first dividend of $150 was paid but on which none of the remaining six dividends was paid. The Federal Republic of Germany claims to be the owner of twenty bonds on which no dividends have been paid. It is not clear why no action was ever taken by the Trustee or by the Guardians to consider the question of payment on the bonds held by the appellant, the Federal Republic of Germany. It has been part of their function and duty to discover or locate missing bondholders; yet the implication of the record is that they have paid no particular attention to this claim, although it must have come to the attention of the Trustee and the Guardians as early as October 12, 1957, when the amended complaint was filed. The Trustee was advised of the claim of the appellant Mandelbaum by her request of September 3, 1959 and the Trustee's reply makes it clear that it could do nothing about her claim because she presented it after the judgments of August 5th and November 25th, 1958, and those judgments made no provision for payment on bonds presented before the fund was turned over to the Comptroller of the State of New York. It does not appear that any effort was made by the Trustee or the Guardians to have the judgment modified to make such a provision. It is, of course, also not clear that these appellants would have accepted, as the total amount due them, dividends computed at the rate which the Trustee used to pay the known bondholders.
 
 
 25
 In any event, the foregoing opinion in this case resolves the questions raised as to any additional dividend payments to the known bondholders out of the fund now in the Trustee's hands. It should now be clear that there can be none, and formerly unknown bondholders presenting their bonds can receive payment only on the same basis as that which governed the payments to the known bondholders. Escheat to the State under the Abandoned Property Law does not, in the light of the provision for the review of claims by the Comptroller, § 1406, bar the intervenors from asserting any rights they may have in the fund; and there is no reason why those rights should not be determined in the present action instead of compelling the intervenors to commence new proceedings before the Comptroller. Equitable considerations, therefore, require that the appellants should be permitted to intervene under Fed.Rules Civ.Proc. Rule 24(a) (2) and (3), 28 U.S.C.A. for the limited purpose of presenting their bonds for a determination of their validity and, if valid, for payment prior to the disbursement for fees and expenses and the payment of the balance to the Comptroller of the State of New York. With this modification the judgment below is affirmed with the further exception that the order making an allowance for fees and expenses of the counsel for the plaintiffs is reversed because he did nothing to augment or benefit the fund, he did not seek any allowance and can be paid from the proceeds distributed to his clients; the orders for the remaining allowances are affirmed.
 
 
 26
 Remanded for further proceedings in accordance with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Mayer v. Chase Nat. Bank, 1956, 233 F. 2d 468 and 1957, 242 F.2d 148, 149
 
 
 [2]
 D.C.S.D.N.Y.1955, 136 F.Supp. 83
 
 
 [3]
 D.C.S.D.N.Y.1958, 165 F.Supp. 287, 290
 
 
 [4]
 165 F.Supp. at page 291
 
 
 [5]
 "The following unclaimed property held or owing by banking organizations shall be deemed abandoned property:
 "(a) Any amounts due on deposits * * * held or owing by a banking organization, which shall have remained unclaimed for fifteen years by the person or persons appearing to be entitled thereto, including any interest or dividends credited thereon, excepting
 * * * * *
 "(v) Any amount held or owing by the banking organization * * * as trustee of an express trust * * * for the purpose of making payment to holders of * * * bonds * * * of a corporation * * * other than a corporation * * * which shall have discontinued the conduct of its business, or the corporate existence of which shall have terminated, without the right to receive such amount having passed to a successor or successors."
 
 
 [6]
 165 F.Supp. at pages 292-293