Francis J. Donovan, J.
Plaintiff seeks to recover the sum of $1,250 from the defendant hank on a check in the face amount of $2,500 on which plaintiff and his wife were copayees. The complaint alleges that the wife obtained possession of the check, forged plaintiff’s name as indorser, and deposited the check to her personal account with defendant bank. Thereafter it is alleged that she used the money and failed to pay the plaintiff his one-half share of the proceeds.
Defendant bank has impleaded the wife requesting judgment over against her in the event that the plaintiff husband establishes the forgery and recovers from the bank.
The third-party defendant moves to dismiss the third-party complaint on the ground that the claim, whether in conversion or contract, is barred by the Statute of Limitations. If the theory of the third-party complaint is conversion or contract the motion must he granted for the loss was incurred on December 20,1957 and the third-party complaint was not served until January 10,1964 (Mt. Vernon Trust Co. v. Federal Reserve Bank, 182 Misc. 7, affd. 267 App. Div. 882, affd. 293 N. Y. 654; Teepell v. Jefferson County Sav. Bank, 4 Misc 2d 191).
*222 It would seem to encourage fraud and collusion if the alleged wrongdoer could so easily be absolved and the innocent bank left alone to face the claim of the plaintiff.
If the plaintiff’s; allegations are established, it follows that his wife knowingly and deliberately misrepresented to the defendant bank that the signature indorsed on the check was her husband’s or that he had authorized her to sign his name. It is fairly inferable that notice of the alleged forgery came to the attention of the bank for the first time when this action was commenced in 1963. Whether there was, in fact, a forgery will not be known until the husband’s claim is determined.
It is the opinion of this court that the third-party complaint rests on the theory of fraud. In such case the statute has not run (Teepell v. Jefferson County Sav. Bank, 3 Misc 2d 508).
Accordingly the motion is denied.