**UNITED STATES of America,**
**Plaintiff,**

v.

**MANUFACTURERS HANOVER TRUST CO. and H. Teichman, Defendants.**

United States District Court
S. D. New York.
June 29, 1964.

See also D.C. 229 F.Supp. 544.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for the United States, John R. Horan, Asst. U. S. Atty., of counsel.

Simpson Thacher & Bartlett, New York City, for defendant Manufacturers Hanover Trust Co., Lawrence M. McKenna, New York City, of counsel.

Irwin Isaacs, New York City, for defendant H. Teichman.

WYATT, District Judge.

This is a motion by defendant Manufacturers Hanover Trust Company (the "Bank") for summary judgment in its favor against the co-defendant H. Teichman (Fed.R.Civ.P. 56) or, in the alternative, for an order striking from the answer of defendant Teichman the defenses of laches and the statute of limitations (Fed.R.Civ.P. 12(f)).

The action is based on endorsements by the two defendants of a series of 15 checks, each for $64.70, drawn by the Regional Disbursing Officer of the Treasury Department in 1955 and 1956 and which directed the Treasurer of the United States through the Federal Reserve Bank of New York (the "Federal Reserve") to pay the amounts of the checks to the order of Edward E. Scott. The checks were social security payments and were sent through the mail addressed to the payee Scott at 215 West 109 Street, New York 25, New York. In fact, Scott had died on May 27, 1954 before any of the checks arrived but his name as endorser was without authority signed by his widow and turned over to defendant Teichman in payment for merchandise. Defendant Teichman endorsed the checks to the Bank, which in turn endorsed the checks, presented them to the Federal Reserve and was paid their face amounts. The first check in the series was presented by the Bank and paid by the Federal Reserve on January 11, 1955. The last check in the series was presented by

the Bank and paid by the Federal Reserve on September 6, 1956.

Neither the Bank nor Teichman had any knowledge that Scott was dead and his signatures unauthorized.

It does not appear when the government learned of the death of Scott but such knowledge was obtained by July 6, 1959. Investigation was then made. The widow admitted signing the name of her deceased husband to the checks and agreed to make restitution.

Under date of November 13, 1959 the government gave written notice to the Bank of its claim against the Bank by reason of what the government called the "forged endorsements" of the payee Scott. No such notice was given by the government to Teichman nor by the Bank to Teichman.

This action was commenced on November 13, 1963.

The jurisdiction of the Court is under 28 U.S.C. § 1345.

The aggregate of the checks in suit is $970.50 against which the government credited partial restitution of $270.90 by the widow; the government asked judgment for the balance of $699.60.

In its answer the Bank pleaded laches and the statute of limitations as defenses against the government's claim and also asserted a cross-claim against defendant Teichman based on the prior endorsements of the checks by Teichman. Fed. R.Civ.P. 13(g).

In his answer to the complaint and to the cross-claim defendant Teichman pleaded laches and the statute of limitations as defenses against the government's claim and against the Bank's claim.

By order with opinion filed May 26, 1964, the Court granted a motion by the government for summary judgment against the Bank and denied a motion by the government for summary judgment against Teichman. Fed.R.Civ.P. 56. Judgment was entered on May 28, 1964 in favor of the government against the Bank in the total sum of $1133.94. Judgment was entered on the same day in favor of Teichman dismissing the government's complaint against Teichman.

The question now raised by the Bank's present motion is whether the Bank, having been held liable to the government, can recover over against Teichman.

■■ The cross-claim by the Bank against Teichman is based on the prior endorsement by Teichman. There would ordinarily be no jurisdiction in this Court over such a claim because there is no diversity of citizenship. But where there is jurisdiction of the principal claim— here that by the United States—it is considered that a related cross-claim is ancillary to the principal claim and supported by the jurisdiction over the principal claim. R. M. Smythe & Co. v. Chase National Bank, 291 F.2d 721, 724 (2d Cir. 1961); 3 Moore's Federal Practice (2d ed.) 97–98.

■ Does federal law apply to the cross-claim or does state law apply? After Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L. Ed. 838 (1943), this might have been a difficult question but it seems to have been settled in favor of the application of state law by Bank of America National Trust & Savings Assn. v. Parnell, 352 U. S. 29, 77 S.Ct. 119, 1 L.Ed.2d 93 (1956).

■■ Under the law of New York, the guaranty of genuineness of prior endorsements is broken immediately upon delivery of the check for payment and the Bank could have sued Teichman immediately after the payments to him. The cause of action of the Bank was statute barred six years after the payment of each check. Mount Vernon Trust Co. v. Federal Reserve Bank of New York, 182 Misc. 7, 45 N.Y.S.2d 316 (Sup.Ct. Westchester Co. 1943), affirmed 267 App.Div. 882, 46 N.Y.S.2d 450 (2d Dept. 1944), affirmed 293 N.Y. 654, 56 N.E.2d 254 (1944).

Since the law of New York must govern as between the Bank and Teichman, Federal Reserve Bank v. Atlanta Trust Co., 91 F.2d 283, 117 A.L.R. 1160 (5th Cir. 1937) may not be considered. In any event that case appears to turn upon

a Federal Reserve Bank Regulation under which a contract of indemnity was claimed, and is unlike the case at bar.

Since the cross-claim was first asserted by the Bank against Teichman on December 26, 1963, it is clear that as to all the checks the defense of Teichman based on the statute of limitations must be sustained.

The result is that the Bank bears the liability without any recoupment from the prior endorser, a result which normally would not appear logical. In this instance, however, applicable law dictates the result, which the Bank might have avoided by prompt action against Teichman after receipt of the November 13, 1959 notice from the government.

The motion of defendant Manufacturers Hanover Trust Company for summary judgment in its favor on its cross-claim against defendant H. Teichman is denied and the Clerk is directed to enter judgment dismissing said cross-claim against defendant H. Teichman.

So ordered.